ALEXANDER HARVEY, *as Treasurer of Rush County, et al.,* v. THE BOARD OF COMMISSIONERS OF RUSH COUNTY.

1. COUNTY OFFICE; *Diminution of Salary.* A county office is not a contract, and the incumbent is not protected in it by the prohibition of the federal constitution against the impairment of the obligation of contracts. A county officer has no such vested interest in the salary as will prevent the legislature from diminishing it during his term of office.

2. LAW PROSPECTIVE, *Not Retroactive.* Where a law is enacted diminishing the salary of a county officer during his official term, and such diminution applies after the law takes effect, the law is prospective, and not retroactive.

### *Error from Rush District Court.*

ACTION by *Alexander Harvey,* treasurer of Rush county, *Allen McCann,* county clerk of said county, and *F. C. Brooks,* superintendent of public instruction of said county, against *The Board of Commissioners* of that county, upon the following agreed statement of facts:

"It is agreed by the parties hereto that the following are the facts in the case, to wit:

"1. That the county of Rush is a duly and regularly organized county in pursuance to the laws of Kansas, and has been such for more than five years last past.

"2. That each of the above plaintiffs now holds the office above indicated, and has held the same ever since the month of January, 1882.

"3. That at the time said plaintiffs were elected, and entered

upon the duties of their respective offices, and in accordance with the assessor's returns for the year 1882, the population of Rush county in said state was over five thousand inhabitants.

"4. That the school population in said county during all the time from January 1, 1882, and now, exceeds 1,500.

"5. That in the year 1883 an act was passed by the legislature, entitled 'An act to regulate the salaries of county clerk, county treasurer and county superintendent of Rush county.'

"6. That the Topeka *Capital* is, and has been since April 5, 1882, the official paper of the state of Kansas, and that said bill was duly published in said paper on the 4th day of March, 1883.

"7. That a true and correct copy of said act is hereunto attached, and made a part hereof.

"8. That on the 9th day of April, 1883, at the regular session of the board of county commissioners of Rush county, each of said plaintiffs presented his demand against Rush county to said board; that the demand was in due form, itemized and sworn to as required by law."

"10. That said demands were taken up, considered by the board, and allowed to the following extent only, to wit: Alex. Harvey, county treasurer, $285; Allen McCann, county clerk, $251.57; F. C. Brooks, county superintendent, $111.70.

"11. That each of said allowances was accepted, but under a strong protest by each of said parties, and with the understanding on the part of said officers that they, the said officers, received said allowances only as a partial compensation for the last quarter's salary.

"Now, therefore, for the purpose of having this matter determined on its merits, and for the purpose of avoiding a multiplicity of suits, and further costs, it is agreed that no rights were waived by the acceptance of the plaintiffs of a part of their demand; that no objection is to be taken in consequence of the plaintiffs having joined in the same action; and that if the court shall find the law of 1883 is in conflict with any part of the state constitution or of the constitution of the United States, or is in anywise retroactive in its character so as to affect the present officers, or does not take effect as to the present officers, to wit, the above plaintiffs, in that event the plaintiffs shall receive as follows, to wit: Alex. Harvey, county treasurer, $360.15; Alex. McCann, county clerk, $301.57; F. C. Brooks, county superintendent, $130.00. But if the court shall find that the act referred to is not in

conflict with any part of the constitution of the state of Kansas or of the constitution of the United States, or is not in anywise retroactive in its character as to affect the present officers, and if the same takes effect as to the present incumbents, to wit, the above plaintiffs, in that event the action of the board of county commissioners shall be sustained; the vanquished party to pay the costs of the action, both in the supreme and in the district courts.

"Provided further, that each party shall have the right to have the judgment of the district court reviewed the same as if the above facts had been introduced as evidence in the ordinary manner.

"Notice of appeal, and all other irregularities, waived."

Trial had at the September Term of the court for 1883, a jury being waived. The court, after examining the agreed statement of facts and hearing the argument of counsel thereon, and being fully advised in the premises, rendered judgment against the plaintiffs and in favor of the defendant for all costs. To the rendition of the judgment the plaintiffs excepted, and bring the case here.

*S. I. Hale,* for plaintiffs in error.

*G. P. Cline,* county attorney, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The objections to the constitutionality of chapter 110, Laws of 1883, are not tenable, and are disposed of in *Comm'rs of Norton County v. Shoemaker,* 27 Kas. 77.

It is further insisted, however, that said act of 1883 is not controlling as to the salaries of the plaintiffs, because it is retroactive in its character, and is in conflict with §10, art. 1, of the constitution of the United States inhibiting the state from passing a law impairing the obligation of contracts. The argument is, that the election and qualification of a county officer is a contract entitling him to his compensation for his services during the term for which he is elected, and that the legislature is prohibited from making a law to diminish the salary of an officer elected and qualified before its passage,

11—32 KAS.

and therefore that the act of 1883 cannot affect the salaries of the plaintiffs, who were elected and qualified as officers prior to the passage of said act.

It is claimed that if the legislature wishes to reduce the salary of an officer, a law passed for that purpose can only take effect at the beginning of the next term of the office after the passage of such an act. In all of this, counsel is mistaken. The act in question took effect on March 4, 1883. It is prospective in its character, and not retroactive in any manner. It operates in the future, and not in the past. It did not diminish the fees of any officer earned prior to the time that it took effect. The county board paid to the plaintiffs their salaries up to March 4, 1883, in accordance with the law in force at the time they were elected and qualified. After March 4, 1883, the compensation of the plaintiffs allowed to them was as provided for by the act of 1883.

Public offices in this state are mere agencies for the benefit of the people — not contracts on their part with the office-holder for his benefit. Therefore there is no contract, express or implied, between a public officer and the state or county whose agent he is. Office-holders have no agreement or contract that they shall receive any particular compensation for the term they hold office. Their terms are fixed with the view to public utility and convenience, and not for the purpose of granting the emoluments or salary during any fixed period to the office-holder. The legislature may exercise its control by increasing or diminishing the salary or emoluments of an office, except in those special cases in which the constitution has forbidden its exercise. (State Const., art. 3, § 13.) Except in those special cases, the legislature has the absolute power over the compensation of all public officers. Therefore there was no contract, express or implied, between the plaintiffs and Rush county or the state of Kansas regarding the compensation of their officers, and the plaintiffs had no property in the future compensation attached to them. ( *Connell v. Mayor of the City of New York*, 5 N. Y. 285 ; *Farwell v. City*

M. A. & B. Rld. Co. v. Keeler.

*of Rockland,* 62 Me. 296; *The State v. Davis,* 44 Mo. 129; *Hyde v. The State,* 52 Miss. 665.)

The judgment of the district court must be affirmed.

All the Justices concurring.