J. P. HINER v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MIAMI.

No. 454. (59 Pac. 382.)

FEES AND SALARIES—*Legislative Control*—The state constitution does not by implication forbid legislative control over the salaries of county officers.

Error from Miami district court; JOHN T. BURRIS, judge. Opinion filed December 22, 1899. Affirmed.

*B. F. Simpson*, for plaintiff in error.

*Sheldon & Sheldon*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.: The plaintiff in error, who was county treasurer of Miami county for the term expiring in October, 1896, presented to the board of county commissioners of that county, on the 13th day of April, 1896, a claim in the sum of $750 for his official salary for the quarter ending March 31, 1896. The board allowed him $531.75, and from this order of allowance he appealed to the district court, where the case was tried on an agreed statement of facts, the substance of which was that if Hiner was entitled to the salary provided for by paragraph 3025, General Statutes of 1889, he should recover accordingly, but that

if his salary was regulated by chapter 141, Laws of 1895, which took effect January 1, 1896, the board should recover the costs of the action.   Judgment was rendered in favor of the board of commissioners for costs.   Counsel for plaintiff in error claims that said chapter 141 is unconstitutional and void for the reason that the legislature has no power to reduce the salary of an officer during the term for which he was elected, except for neglect of legal duty.   Counsel calls attention to the specific provisions of the constitution concerning official salaries.   The first refers to the state officers comprising the executive department, and provides that their compensation as established by law shall neither be increased nor diminished during the period for which they shall have been elected. (Const., art. 1, § 15.)   The second provides that the salaries of the justices of the supreme court and of the judges of the district courts shall not be increased during their respective terms of office.   (Const., art. 3, § 13.)   The third provision reads:

"The legislature may reduce the salaries of officers who shall neglect the performance of any legal duty." (Const., art. 15, § 7.)

Counsel argues that from these provisions there arises an implied inhibition of the exercise by the legislature of the power to reduce the salaries of county officers.

We are unable to agree with this view.   The constitution is silent as to the compensation of county officers, and hence there is no apparent limitation upon the power of the legislature to fix and to alter the salaries of such officers.   The express inhibitions concerning reductions of official salaries relate to state officials and certain judicial officers.   The express grant of power to reduce the salaries of officers for

neglect to perform their legal duties is general in its application, and its exercise by the legislature might affect all officers whose salaries are fixed by law.

"To sustain an implied inhibition there must be some express affirmative provision. The mere silence of the constitution on any subject cannot be turned into a prohibition. . . . To sustain an implied inhibition, the express provision must apply to the exact subject-matter, and the inhibition will not be extended further than is necessary to give full force to that provision." (*Prouty v. Stover*, 11 Kan. 236.)

The case of *Harvey, Treas., v. Comm'rs of Rush Co.*, 32 Kan. 159, 4 Pac. 153, is controlling upon the principal question involved in this controversy. In that case a law, which in its operation reduced the salaries of certain county officers, was alleged to be in conflict with the constitution of the United States and with the constitution of the state of Kansas. The court held against both contentions, and in the opinion said : "The legislature may exercise its control by increasing or diminishing the salary or emoluments of an office except in those special cases in which the constitution has forbidden its exercise. (State Const., art. 3, § 13.) Except in those special cases, the legislature has the absolute power over the compensation of all public officers. Therefore there was no contract, express or implied, between the plaintiffs and Rush county or the state of Kansas regarding the compensation of their officers, and the plaintiffs had no property in the future compensation attached to them."

The judgment of the district court will be affirmed.