STATE *ex rel.* JAMES P. PETTIGREW *et al.*, Plaintiffs in Error, *v.* JOHN PINGER *et al.*, Defendants in Error.

1. *Probate Courts, special acts touching, constitutional — Not judicial.*— The establishment of courts of inferior jurisdiction by special legislation, is a matter resting in the discretion of the general assembly. (Att'y-Gen'l *ex rel.* Boone County Court, *ante,* p. 817.)

Such acts are not' in the nature of judicial sentences. Such courts and offices are statutory, and within the complete control of the Legislature to repeal, abolish or destroy them.

### *Error to Buchanan Circuit Court.*

*Everett & Ledergerber*, for plaintiffs in error.

*Hall, Oliver, Woodson & Hill*, for defendants in error.

ADAMS, Judge, delivered the opinion of the court.

This was a *quo warranto* to oust the defendants from their offices as justices of the County Court of Buchanan County.

On the 19th of March, 1866, a statute was passed to establish Probate Courts in certain specified counties of this State, including Buchanan. (Laws of Mo. 1865–6, p. 83.) This law provided for the election of a judge of probate in three counties. On the same day an act was passed providing that the County Courts in said counties should consist of two members to be called the justices of the County Court, and the judge of probate, who should be *ex officio* president of the County Court.

Afterwards, on the 18th of March, 1871, the Legislature amended this law by removing the County Court of Buchanan from the operation of this law and placing it under the provisions of the General Statutes, and provided that the governor should appoint, as soon as might be, three justices of the County Court, to hold their offices until the next general assembly. (See Sess. Acts 1871, p. 108.)

This last law in effect repealed the law under which the old justices held their offices. The two laws cannot stand together, but the last law by necessary implication repealed the first. The only question raised and discussed here is whether the last law is con-

stitutional.    It is urged that it is a special law and in the nature
of a judicial sentence, and is therefore unconstitutional.    If the
Legislature had the power to pass the first law, it undoubtedly had
the power to repeal or amend it.

The question as to the power of the general assembly to estab-
lish inferior courts by special legislation was fully considered and
passed upon by this court in the case of The State *ex rel*. Hen-
·derson v. Boone County Court, *ante*, p. 317, and cases cited.
It was then held to be discretionary with the general assembly,
and that the courts had no authority to control this discretion.
I see no reason to depart from the rule laid down in that case.

The law referred to is not in the nature of a judicial sentence.
The plaintiffs had no vested interest in the office which would pre-
vent the general assembly from repealing the law.    It is a statu-
tory court and a statutory office, and within the complete control
of the general assembly to repeal, abolish or terminate it.

The judgment must be affirmed.    The other judges concur.