THE CITY OF WICHITA V. H. O. BURLEIGH, *et al.*

1. LEGISLATURE — *Act not Avoided.* It cannot be shown for the purpose of avoiding an act of the legislature, that the act was passed for insufficient or improper reasons.

2. ACT, *When not Void.* Where the subject of an act of the legislature is the vacation of streets and alleys, the fact that the streets and alleys to be vacated are not contiguous nor all in the same town or city, will not make the subject of the act two or more subjects, nor render the act void.

3. ———— *Inaccuracy; Valid Act.* A slight inaccuracy in the description of a thing in an act of the legislature, or in the title to the act, will not render the act void, where it may be known both from the act and the title thereto and the circumstances then existing, what was meant and intended by the legislature.

4. ———— *Special Act.* The legislature may pass a special act where a general law cannot be made applicable, and this although the special act may to some extent affect the uniform operation throughout the state of other laws; and generally, it is a question for the legislature to determine whether a general law can be made applicable, or not.

### Error from Sedgwick District Court.

ACTION brought by *H. O. Burleigh* and *M. L. Burleigh*, his wife, against the city of Wichita and others, for a perpetual injunction to restrain *The City of Wichita*, its officers and agents, from opening certain streets through the plaintiffs' premises. April 30, 1886, a trial was had before the court without a jury, and the court found generally in favor of the plaintiffs and against the defendants, and granted the injunction prayed for. *The City* seeks to reverse such judgment. The court in deciding the case delivered the following opinion, to wit:

"The plaintiffs present an application for an injunction to restrain the city from opening certain streets through their premises. The facts on which it turns are as follows: On May 20, 1872, C. F. Gilbert was the owner of a tract of land, which included plaintiffs' present premises, lying adjacent to the site of the city of Wichita. The original site of this city was the town of Wichita, and was platted by L. S. Munger and Wm. Griffenstein, conjointly. Adjacent to this on the east was platted an addition known as Hilton's addition to Wichita, and adjacent to this on the north and east was the Gilbert tract. On the day mentioned, Gilbert filed a plat of his tract as an addition, which he denominated 'Gilbert's Addition to Wichita, Sedgwick county, Kansas.' The document which he filed as such plat contained upon its face a map, which explained in the usual form of a town plat showing the division of land into lots, streets, and alleys. The streets were named Park and Walnut, running east and west, and Topeka, Emporia and Fourth avenues, running north and south. It also contained a written declaration signed and acknowledged by Gilbert, stating among other things: 'The streets and alleys as shown by the plat herewith are hereby set apart and dedicated to the public forever.' By this plat, Park and Walnut streets, and Emporia and Fourth avenues were made to traverse the plaintiffs' present premises. No part of either of these streets was ever traveled by the public as a highway, or used for any public purpose. At that time, as now, our statute provided that the recording of such a map and plat 'shall be a sufficient conveyance to vest the fee of such parcels of land as are therein expressed, named or intended for public uses,

in the county in which such city or town or addition is situate, in trust and for the uses therein named, expressed or intended, and for no other use or purpose.'

"On April 3, 1873, an act of the legislature was passed, the object of which was to vacate the streets and alleys of this addition. The title to the act reads, 'An act to vacate certain streets and alleys in the towns of Lecompton and Wichita.' The first section of the act attempted to vacate certain streets in Lecompton, which is in Douglas county, Kansas. The second section of the act reads: 'That the streets and alleys in Gilbert's addition in the city of Wichita are hereby vacated.' Afterward Gilbert made conveyances of different portions of the property to different persons, describing them by metes and bounds and without reference to the plat of the addition.

"About five years ago Burleigh, the first-named plaintiff, (the other plaintiff being his wife,) purchased from Gilbert's grantee the premises in controversy in this case and took possession of them, and since that time has occupied the same as his homestead, and has placed permanent and valuable improvements thereon where the streets as shown by Gilbert's plat were located, and will sustain serious loss if the city has the right to open streets through it without compensation, as it proposes to do. During all the time up to the present year the premises have been assessed and taxed as unplatted land, and until about the time the city passed the ordinance now to be mentioned, Burleigh had no actual knowledge of the fact of the land having been platted, or the act of the legislature vacating the streets.

"On April 27, 1885, the city council passed an ordinance extending the corporate limits of the city so as to include all the land which had been platted as Gilbert's addition, which it did upon the assumption that the land was legally platted as an addition, and that the act of the legislature vacating the streets and alleys was void; and it is about to open said streets through plaintiffs' premises without in any way providing for compensation, either for the land taken or improvements destroyed. The question for decision is, whether the city has the right to open the streets without compensating Burleigh. I will not discuss here many of the questions raised upon the argument, but will confine myself to what I conceive to be the controlling question in the case: Was the act of the legislature vacating these streets and alleys a valid exercise of legislative power? The first objection to the act is that it invades vested rights. The evidence does not disclose, nor is it a fact, that

any individual had acquired any rights in the streets prior to the passage of the act. It is argued that the county, under our law, had a vested right, but the fact is that the county was a naked trustee for the benefit of the public, and a naked trustee never is supposed to have any vested right in the trust estate. The only right that ever vested in anyone was the right of the use of streets which vested solely in the public as the beneficiary of the trust. If the public has reconveyed or released its beneficial interest, then the right of the county as trustee has ceased, and by the very act of such release by the public the title to the soil reverts to the proprietor. Now the legislature unquestionably is the representative of the public, with absolute power to release the interest of the public in any highway, whether it be a state or county road, or a street in a town or city. If, therefore, the legislature, within the methods limited by the constitution, has released the right of the public to the use of these streets, there is no one who can contest Burleigh's right to the soil.

"The second objection to the act is, that the subject embraced in the second section — that is, the vacation of these streets — is not clearly expressed in the title to the act. The constitution provides that the subject of every bill shall be clearly expressed in its title, and of course if the subject of vacating these streets was not sufficiently expressed in the title, the second section of the act fails. The section reads: 'The streets and alleys in Gilbert's addition in the city of Wichita;' while the expression of the title is to to vacate certain streets in the town of Wichita.

"It is claimed that at that time there was no Gilbert's addition in the city of Wichita, while there may have been another town of Wichita. It has been settled that the constitutional requirements in question are sufficiently complied with if the title to a bill is such as fairly to apprise persons of ordinary intelligence of the subject proposed to be legislated about in the bill. Now the streets of a city or town exist as a part of the site or survey of the ground, and are usually created and evidenced by the several plats of the original site and additions thereto. The law in providing for platting the sites and additions uses the words city and town interchangeably, so that to call it a city site or a town site the same idea is expressed; in other words, there is but one kind of a site, and whether it is called city or town it is one and the same thing. The term 'city of Wichita' may be used in different senses; it may express the corporate entity or personality; it

may express the boundary lines, the corporate authority and jurisdiction; but it has a broader sense in common use, by which it expresses the idea of the site of surveyed and platted territory for the occupancy of the collective body of citizens, without as well as within the boundaries of the corporate jurisdiction. Evidently the term 'city of Wichita' as used in the act did not mean the corporation or boundary lines, but was used for the purpose of description, and meant the site surveyed and platted, original and additions, as a whole. By the use of the term 'town of Wichita' in the title of the act, the mind is instantly directed to the city of Wichita; not to the corporation, but to the collective body of citizens occupying a certain surveyed and platted territory which constitutes the real city. So clear is it that a wayfaring man could not be misled thereby.

"A third objection to the act is, that it embraces two distinct subjects of legislation, and is therefore void. The constitution provides that 'no bill shall contain more than one subject,' so that if there are two or more subjects embraced in this act it is void, and the streets in question are in no way affected by it. This presents a very serious and difficult question. There is no misunderstanding the meaning of the constitutional provision, for it is plain and emphatic and must be obeyed whatever the consequence. The difficulty arises in applying the test of this provision to the particular act in question. Our supreme court has given us many examples of the proper application of this test, but none in a case precisely like this. There is a rule, however, recognized as sound and followed by all courts, which is that no legislative enactment will be declared void if it can be upheld upon any reasonable ground. If its invalidity is a matter of any reasonable doubt, the doubt must be resolved in favor of the act. In this state the legislature is all-powerful over the subject of highways, and highways are made to mean streets, alleys, or roads. It may establish them or vacate them, its only limit being the vested rights of individuals. The highways of the state belong to the public. By this it is not meant that the highways in a locality belong to the public in that locality. So far as the highways of the state are concerned, there is no locality, but all the highways of the entire state belong to the whole public of the state. As to that public, and in the eyes of the law, and for the purposes of legislation, the highways of the state are an entirety, constituting a single system or body. As to the public represented by the legislature, any legislation

which affects a part affects the whole. In this respect our system of highways does not differ from our system of county boundaries. The boundary lines of the counties exist as a matter of public convenience and in the interest of the public of the whole state, so that legislation affecting one affects the system as a whole. In 1873 the legislature passed an act containing separate provisions changing materially the boundary lines of two separate and distinct organized counties, and our supreme court upheld the act as not obnoxious to the constitutional provision under consideration, holding that these matters constitute really but one subject of legislation and could be joined in one act. (*Philpin v. McCarty*, 24 Kas. 393.)

"The supreme court of Iowa has decided a case more nearly like this case than any I can find reported. The constitution of that state contains the same provisions as ours. The legislature passed an act establishing forty-six different highways, and also vacating a number of others. The act was resisted on the ground that it embraced more than one subject and violated the constitutional provision. The supreme court, after a thorough consideration of the question, upheld the act upon the ground that although there were apparently several distinct highways legislated about, yet after all they were but related parts of an entire subject, which was the real subject of legislation — the highways of the state. (*The State v. The County Judge*, 2 Iowa, 280.)

"The supreme court of Illinois has upheld an act containing provisions for the construction of two separate bridges on distinct and separate highways, on similar grounds. (*City of Ottawa v. The People*, 48 Ill. 233.)

"Against these decisions the supreme court of Michigan apparently takes a different view. The legislature of that state passed an act providing for the expenditure of a certain class of taxes collected in a particular district of country in the construction of certain roads therein, and for the expenditure of the same class of taxes collected in another district of country in the construction of certain other roads in that district; and the supreme court held that the act embraced more than one subject and was void. (*People v. Denahy*, 20 Mich. 349.)

"In reference to the act in question in this case, the fact that some of the streets are in Wichita and some in Lecompton, can make no substantial difference. If the vacation of streets in Wichita cannot be accomplished in the same act with the vacation of streets in Lecompton it must be because there is

no unity or relation whatever between highways as such, and the vacation of one street in Wichita cannot be accomplished in the same act with the vacation of another street in Wichita."

*W. P. Campbell*, city attorney, for plaintiff in error.

*Houston & Bentley*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: The judgment of the court below in this case must be affirmed; and, as furnishing sufficient reasons therefor, we would refer to the able opinion delivered by the judge of the trial court. (See also *Weyand v. Stover*, 35 Kas. 545, and *The State v. Barrett*, 27 id. 213.)

Perhaps, however, a few of the questions involved in this case require some additional comment. It is claimed that the act of the legislature attempting to vacate the streets and alleys in question is unconstitutional and void. It is not claimed, however, that it is unconstitutional and void because of any violation of that provision of the constitution which requires that "The legislature shall pass no special act conferring corporate powers," (Const., art. 12, §1,) for the act in this case, so far as it applies to the land in controversy, did not confer any corporate powers, nor affect any corporate powers. The land in controversy was not at the time of the passage of the act held or owned by any corporation, nor was it within the limits of any incorporated city, town, or village. It was land belonging to private individuals, but it had been previously surveyed and platted, and was surveyed and platted, as the plat and field-notes on file in the register's office show, as "C. F. Gilbert's Addition to Wichita, Sedgwick county, Kansas," and also as Gilbert's "Addition to the city of Wichita," in said county and state. It is claimed that the act is void because it was passed by the legislature for insufficient and improper reasons; because it was passed in violation of §16, art. 2, of the constitution, which provides that "No bill shall contain more than one subject, which shall be clearly expressed in its title;" and also because it was passed in violation of

§17, art. 2, of the constitution, which provides that "All laws of a general nature shall have a uniform operation throughout the state, and in all cases where a general law can be made applicable no special law shall be enacted." The defendant below, the city of Wichita, attempted to prove that the act vacating the streets and alleys in question was passed for insufficient and improper reasons, but the court excluded the evidence. There was certainly no error in this. The title to the act in question reads as follows: "An act to vacate certain streets and alleys in the towns of Lecompton and Wichita." The first section of the act provides for vacating certain streets and alleys in the town of Lecompton. The second section reads as follows: "Section 2. The streets and alleys in Gilbert's addition in the city of Wichita are hereby vacated." Section 3, which is the only remaining section, provides for the publication of the act. This act was approved March 5, 1873, and took effect April 3, 1873, more than thirteen years ago. When the act was passed the land in controversy was in an "addition to the city of Wichita," but it was not *in* the corporate limits of the city of Wichita; and for this reason the city of Wichita, the plaintiff in error, now claims that at the time when the act was passed there was no "Gilbert's addition *in* the city of Wichita," or *in* the town of Wichita, upon which the act could operate. This addition, however, to the city of Wichita may, *in fact*, at that time have been in the town or city of Wichita, considering the collective body of people in that vicinity as the town or city, and not merely the corporate limits; for the town or city as thus considered may in fact have extended beyond its corporate limits. And it does not appear that there was any other Gilbert's addition in or near to the town or city of Wichita; and from the fact that the legislature passed the act as it did, and from the fact that the individuals owning the land in controversy, and all the people in that vicinity, seemed to know what the title to the act and the act itself meant, and have for thirteen years acted as though they knew what the act was intended to operate upon, and believed that the act was valid, we would think the description of the land and of

the streets and alleys to be vacated was sufficient. As to whether this act is in violation of §17, art. 2, of the constitution, we would refer to the case of *Knowles v. Board of Education,* 33 Kas. 692, 699, and the cases there cited.

Our decision of the questions presented in this case is as follows:

I. It cannot be shown for the purpose of avoiding an act of the legislature that the act was passed for insufficient or improper reasons.

II. Where the subject of an act of the legislature is the vacation of streets and alleys, the fact that the streets and alleys to be vacated are not contiguous nor all in the same town or city will not make the subject of the act two or more subjects, nor render the act void.

III. A slight inaccuracy in the description of a thing in an act of the legislature, or in the title to the act, will not render the act void where it may be known both from the act and the title thereto, and the circumstances then existing, what was meant and intended by the legislature.

IV. The legislature may pass a special act where a general law cannot be made applicable, and this although the special act may to some extent affect the uniform operation throughout the state of other laws; and generally, it is a question for the legislature to determine whether a general law can be made applicable, or not.

The judgment of the court below will be affirmed.

All the Justices concurring.