THE BOARD OF COMMISSIONERS OF LINN COUNTY *et al.* v. DAVID SNYDER.

COURT-HOUSE BONDS, *Voted by Township—Valid Statute.* Chapter 236 of the Laws of 1887, being an act to authorize Mound City township, in Linn county, to vote bonds to reimburse citizens of the township for sums advanced to aid in the construction of a court-house, is not unconstitutional.

*Error from Linn District Court.*

ACTION brought by *Snyder* to restrain the collection of a certain tax. Trial by the court July 24, 1888, on an agreed statement of facts, and judgment for the plaintiff. The defendant county board and county clerk bring the case to this court. The opinion states the facts.

*W. R. Biddle*, for plaintiffs in error; *Howard T. Smith*, of counsel.

*Stephen H. Allen*, for defendant in error.

Opinion by GREEN, C.: This was an action brought in the district court of Linn county, to perpetually enjoin and restrain the board of county commissioners of Linn county from levying a tax to pay the interest upon certain bonds, issued under chapter 236 of the Laws of 1887. It is disclosed in the record before us that, prior to the year 1885, Linn county was the owner of a tract of land in Mound City known as the "public square;" that during that year, upon the application of citizens of the township in which Mound City is situated, leave was granted by the board of county commissioners of the county to build a court-house on such public square; that certain citizens procured subscriptions from other citizens of the township, for the purpose of erecting a court-house; that a committee of citizens then proceeded to and did erect the walls of a suitable building for a court-house and put on a roof, but no floors were laid, and no doors or windows were put in; that after the erection of the walls of said building,

and during the year 1886, the building in its unfinished condition was formally donated to the county, and accepted by the board of county commissioners, as a court-house, and taken possession of and completed at the expense of the county, and has since been used as a court-house and for no other purpose; and that the building and grounds belong to Linn county. The building cost, in the condition it was donated to the county by the citizens' committee, $14,500, which had been contributed by various citizens of the township. In the year 1887, the legislature passed chapter 236, An act to authorize Mound City township, in Linn county, to vote bonds not to exceed $17,000, to reimburse citizens of said township for sums advanced by said citizens to aid in the construction of a court-house in Mound City. Subsequently an election was held in the township, and it was determined by a vote of two hundred and forty for to one hundred and forty-three against, that the bonds of the township should be issued for $14,500, and the vote was duly canvassed by the board of county commissioners and the bonds issued, showing upon their face that they were issued under the authority of chapter 236 of the Laws of 1887. This suit was commenced by a tax-payer of the township, and the court below granted a perpetual injunction against the defendants below, restraining them from levying a tax to pay any interest on the bonds issued under said chapter 236, holding that the same was unconstitutional. The plaintiffs in error bring the record here for review.

It is urged that the legislature had the right to authorize the township to issue its bonds for the purpose designated, notwithstanding the fact that there may have been no legal obligation resting upon the township to refund the different sums subscribed and paid by the various citizens, to be used in the construction of this court-house. The proposition involved is, whether or not this law, which recognizes the right and authorizes the municipality, upon a vote of the people, to assume and pay certain obligations of an equitable character, can be upheld. One of the canons of constitutional con-

struction in this state is, that no slight difference of opinion will authorize the judiciary to set aside the action of the law-making power, or to nullify an act of the legislature. The judicial department should not interfere with the legislative conscience, unless there be a clear violation of some provision of the constitution. (*The State v. Barrett*, 27 Kas. 213.) Text-writers and courts of the highest legal learning and respectability have said that the fact that a claim against a municipal or public corporation is not such an one as the law recognizes as a legal obligation, forms no constitutional objection to the validity of a law imposing a tax and directing its payment. (1 Dill. Mun. Corp., 4th ed., § 75; *United States v. B. & O. Rld. Co.*, 17 Wall. 322; *New Orleans v. Clark*, 85 U. S. 644; *Shaw v. Dennis*, 10 Ill. 405; *Dennis v. Maynard*, 15 id. 477; *Layton v. New Orleans*, 12 La. Ann. 515; *Carter v. Bridge Prop'rs*, 104 Mass. 236; *Thomas v. Leland*, 24 Wend. 65; *Town of Guilford v. Supervisors*, 13 N. Y. 143; *Brewster v. City of Syracuse*, 19 id. 116; *Darlington v. Mayor*, 31 id. 164; *Brown v. Mayor*, 63 id. 239; *Mayor v. National Bank*, 111 id. 446; *Sinton v. Ashbury*, 41 Cal. 525; *Creighton v. San Francisco*, 42 id. 446; *Lycoming v. Union*, 15 Pa. St. 166; Cooley, Const. Lim. 258.)

The reasoning in the adjudicated cases cited is, that the legislature may determine what moneys may be raised and expended, and what taxation for municipal purposes may be imposed; and it certainly does not exceed its constitutional authority when it compels a municipality to pay a claim which has some meritorious basis to rest upon. From the numerous authorities upon the question of legislative control over municipalities, Judge Cooley lays down the following proposition: "That the legislature has the undoubted power to compel the municipal bodies to perform their functions as local governments under their charters, and to recognize, meet, and discharge the duties and obligations properly resting upon them as such, whether they be legal, or merely equitable or moral; and for this purpose, it may require them to exercise the power

of taxation whenever and wherever it may be deemed necessary or expedient." (Cooley, Const. Lim. 238.)

The court of appeals of New York recognizes the doctrine of large legislative discretion upon the question of raising and appropriating public money, and of imposing a tax upon towns and other municipal or political divisions, whenever it will be promotive of the public welfare. The legislature is not confined in its appropriation of the public moneys, or of the sums to be raised by taxation in favor of individuals, to cases in which a legal demand exists against the state. It can thus recognize claims founded in equity and justice, in the largest sense of these terms, or in gratitude and charity. Independent of express constitutional restrictions, it can make appropriations of money whenever the public well-being requires or will be promoted by it, and it is the judge of what is for the public good. It can, moreover, under the power to levy taxes, apportion the public burdens among all the taxpaying citizens of the state, or among those of a particular section or political division. (*Town of Guilford v. Supervisors,* supra.)

In speaking upon this same subject, in the case of *Booth v. Woodbury,* 32 Conn. 118, Mr. Justice Butler said: "To make a tax law unconstitutional on this ground, it must be apparent at first blush that the community taxed can have no possible interest in the purpose to which their money is to be applied." In the case of *Sinton v. Ashbury,* supra, Crocket, J., stated the rule:

"It is established by an overwhelming weight of authority, and I believe is conceded on all sides, that the legislature has the constitutional power to direct and control the affairs and property of a municipal corporation for municipal purposes, provided, it does not impair the obligation of a contract, and by appropriate legislation may so control its affairs as ultimately to compel it, out of the funds in its treasury, or by taxation to be imposed for that purpose, to pay a demand when properly established, which in good conscience it ought to pay, even though there be no legal liability to pay it."

The law challenged in this case is not subject to the objec-

tions urged in the numerous cases cited. The act in question provided that the bonds of the municipality should not be issued for these assumed obligations, until the question had been submitted to the people of the township, at an election called for that purpose. The notice of such election had to contain a statement of the purpose for which, and the conditions under which bonds were to be issued. The legislature having said that these obligations might be paid, and a majority of the legal voters of the township having decided that it was just and equitable that such subscriptions to the court-house fund should be assumed by the municipality, we cannot see that the law is subject to any constitutional objection.

Following the maxim which we regard as the true and correct rule, that there should be great caution in arriving at a conclusion adverse to the validity of a legislative act, and, believing that the law in question is within the constitutional power of the legislature to pass, we recommend a reversal of the judgment of the trial court.

By the Court: It is so ordered.

All the Justices concurring.