[No. 778.  Decided January 13, 1893.]

THE STATE OF WASHINGTON, *on the Relation of G. L. Cline, Appellant*, v. FREMONT CAMPBELL, *Judge of the Superior Court of Pierce County, Washington, Respondent*.

APPEAL FROM JUSTICE OF THE PEACE — REFUSAL TO DISMISS — ABUSE OF DISCRETION.

The supreme court will presume that the superior court did not abuse its discretion in denying a motion to dismiss an appeal from the judgment of a justice of the peace, when there is no showing to the contrary.

*Original Application for Prohibition.*

*J. G. Davis*, for relator.

The opinion of the court was delivered by

DUNBAR, C. J. — Judgment was rendered for the plaintiff G. L. Cline on the 23d day of September, 1892. On the 11th day of October, 1892, the attorney for defendants served a bond and notice of appeal to the superior court of Pierce county, Washington, in behalf of the defendant, upon the attorney for the plaintiff, and C. L. Beach, justice of the peace, before whom said cause was tried. The papers and transcript in the said cause were not filed in the superior court until the 26th day of October, 1892. On the 27th day of October, 1892, the attorney for the plaintiff filed with the clerk of the superior court a motion, asking that said cause be dismissed on the grounds that the appeal taken in said cause was not taken within the time prescribed by statute, which motion was overruled by the judge of said superior court.

The statute, it is true, prescribes that the papers and transcript of the case in the justice's court shall be filed by the appellant in the superior court within ten days after the

judgment was rendered; but in this case the notice of appeal having been given, and a bond filed within the time prescribed by law, and the defendant not moving to dismiss the case on the ground of the absence of the transcript until after the transcript had been filed in the court, and there being no showing to the contrary, this court will presume that good cause was shown to the superior court for failure to file the transcript, or at least that the court did not abuse its discretion in refusing to dismiss the appeal, and will, therefore, refuse to interfere with the discretion of the court in denying the motion to dismiss.

The application for an alternative writ of prohibition will be denied.

ANDERS, SCOTT, HOYT and STILES, JJ., concur.