## COX v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 12, 1900.)

### No. 1,030.

CRIMINAL LAW—CHANGE OF JUDGE—OKLAHOMA STATUTE.

The provision of St. Okl. § 5138, as amended by Laws 1895, p. 198, that in a criminal case "if it be shown * * * by the affidavit of the accused that he cannot have a fair and impartial trial by reason of the bias and prejudice of the presiding judge, or that the judge has been of counsel in said cause, or is of kin to either party to the action, or is interested, a change of judge shall be ordered," is mandatory; and, where the required affidavit is filed, a refusal to order the change as therein provided is error which is fatal to any judgment the court may thereafter render against the defendant.

In Error to the Supreme Court of the Territory of Oklahoma.

R. S. Cox, the plaintiff in error, was at the March term, 1895, of the district court of Logan county, Okl. T., indicted for the crime of perjury, and at its February term, 1896, tried, convicted, and sentenced to imprisonment in the United States penitentiary at Leavenworth, Kan., for a term of four years, and to pay a fine of one dollar. Prior to the trial, and in apt time, he filed his motion and affidavit for a change of judge, which was overruled, to which ruling due exceptions were taken and allowed. After conviction and sentence, he took his appeal to the supreme court of the territory, which at its June term, 1897, affirmed the judgment and sentence of the lower court. Thereupon he sued out this writ of error.

Joseph Wisby and A. L. Ayers, for plaintiff in error.

S. L. Overstreet, John Scothorn, and B. S. McGuire, for the United States.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. The chief error relied upon for a reversal of the judgment is that:

"The court erred in sustaining the ruling of the court below, in denying defendant below (plaintiff in error) a change of judge upon his affidavit and mo-

tion duly made and filed in strict conformity to law in such cases made and provided, and, in affirming the judgment and sentence of the trial court, denied the plaintiff in error his legal right to be tried by a fair and impartial tribunal."

The organic law of the territory provides that:

"The supreme court of said territory or the chief justice thereof may designate any judge to try a particular case or cases in any district when the judge of said district has been of counsel, or is of kin to either party to the action, or interested, or biased or prejudiced in the cause or if for any other reason said judge is unable to hold court."    28 Stat. 21, c. 5, § 3.

The territorial statute under which the application for a change of judge was made reads as follows:

"A criminal action prosecuted by indictment, or by information originally filed in the district court, may, at any time before the trial is begun, on the application of the defendant be removed from the court and county in which it is pending, as follows: First. * * * Second. * * * Third. * * * Fourth. If it be shown to the court by the affidavit of the accused that he cannot have a fair and impartial trial by reason of the bias and prejudice of the presiding judge, or that the judge has been of counsel in said cause, or is of kin to either party to the action, or is interested, a change of judge shall be ordered, and the clerk of the district court shall immediately transmit to the clerk of the supreme court of the territory a certified copy of the order granting the change of judge, and the clerk of the supreme court shall, if said court be in session, immediately present the same to the court, and if said court be not in session, then he shall at once deliver the same to the chief justice of the territory, and the supreme court of the territory, or the chief justice thereof, as the case may be, may designate any other district judge of the territory to try the cause: provided, that not more than one change from the county, and one change from the judge shall be allowed in any case." St. Okl. § 5138, as amended by Laws 1895, p. 198.

The application of the defendant for a change of judge conformed to the requirements of this statute, and the denial of the application by the trial court, and the affirmance of this ruling by the supreme court of the territory, were error. The statute is plain, unambiguous, and mandatory. Our attention has been called to a late opinion of the supreme court of the territory of Oklahoma—Lincoln v. Territory, 58 Pac. 730—in which that court construes the section of the statute we have quoted, and holds, and rightly, as we think, that when the accused makes affidavit that he cannot have a fair and impartial trial, by reason of the bias and prejudice of the presiding judge, it is the duty of the court to order a change of judge, to be effected in the mode provided by the statute, and that a refusal to do so is an error fatal on appeal to any judgment the court may thereafter render against the defendant in the cause. The conclusion reached on this point makes it unnecessary to consider any of the other questions discussed in the briefs, as none of them are likely to arise on a second trial. The judgment of the supreme court of the territory of Oklahoma and the judgment of the district court of Logan county, Okl., are each reversed, and the cause is remanded to the district court of Logan county, Okl., with instructions to grant a new trial.