State *ex rel.* Smith v. Brown, *Judge.*

No. 741.    Opinion Filed July 13, 1909.

(103 Pac. 762.)

1. OFFICERS—Removal—Civil Action. A proceeding instituted for the removal of an officer under section 23, art. 3, c. 69, pp. 611, 612, Sess. Laws. 1907-08, is a civil action.

2. VENUE—Prohibition—Change of Venue—Discretion of Court— Grounds of Relief. Section 4256, Wilson's Rev. & Ann. St. 1903 (Code Civ. Proc. sec. 58), and section 10, c. 68, art. 1, p. 592, Sess. Laws 1907-08, of an act entitled "An act designating the counties in which civil actions may be brought, and declaring an emergency," relating to a change of venue, on account of the bias and prejudice of the judge in civil cases, are not imperative or mandatory, and do not require the granting of such change upon any showing made therefor; but the court is vested with a judicial discretion upon such showing made therefor by the applicant in granting or refusing the same.

2a. Where an inferior tribunal has jurisdiction to take the action contemplated under any circumstances involving a judicial discretion, a writ of prohibition will not lie to control such action. It is only where such inferior tribunal is wholly unauthorized by law to take such action that the writ will lie.

3. STATUTES—Constitutional Law—Applicability of General Law as Affecting Special Law—Review by Courts—Self-Executing Provisions. Section 23, art. 3, c. 69, Sess. Laws 1907-08, is not repugnant to section 59, art. 5 (Bunn's Ed. sec. 132; Snyder's Ed. p. 181), of the Constitution, which provides that "laws of a general nature shall have uniform operation throughout the state, and where a general law can be made applicable, no special law shall be enacted."

3a. As a rule, what can be accomplished by general or special legislation is left to the Legislature for its determination, and its action or discretion in that respect, with few exceptions, is not reviewable by the courts.

3b. Section 6, art. 2 (Bunn's Ed. sec. 15; Snyder's Ed. p. 21), of the Constitution, providing that "right and justice shall be administered without * * * prejudice," is self-executing.

(Syllabus by the Court.)

Original application for a writ of prohibition by the State, on relation of O. O. Smith, to be directed to G. A. Brown, Judge of the Eighteenth District Court Judicial District. Writ denied.

On the 1st day of April, A. D. 1909, O. O. Smith, as relator, filed his verified petition in this court for a writ of prohibition against the respondent, G. A. Brown, judge of the Eighteenth District Court Judicial District of the state of Oklahoma, praying that he be prohibited from further proceeding in a certain cause pending in the district court of Beckham county, state of Oklahoma, entitled State of Oklahoma *ex rel.* Fred S. Caldwell, as Counsel to the Governor, Plaintiff, v. O. O. Smith, County Attorney, as defendant; that on the 19th day of March, A. D. 1909, said defendant filed in said cause an affidavit alleging bias and prejudice against the respondent, and asking for a change of judge therein; that said respondent thereafter proceeded to take testimony in said cause, and advised the defendant that he would take further testimony therein at Arnett, in Ellis county, Okla., on the 5th day of April, A. D. 1909. Said affidavit was in part as follows:

"That affiant has reason to believe, and does beleive, that the regular presiding judge of the Eighteenth judicial district, to wit, the Hon. G. A. Brown, is so biased and prejudiced against this defendant that he cannot have a fair and impartial trial before said judge on account thereof. That said judge, the Hon. G. A. Brown, conducted a special, and as this affiant believes an unauthorized, 'court of inquiry' in this county about January 28, 1909, for the avowed purpose of finding evidence on which to base a charge against this defendant as is presented in the petition in this case. That affiant is informed and verily believes from conversations had with said judge that he is so prejudiced and biased that affiant cannot by reason thereof have a fair and impartial trial of the issues here presented before him. Affiant further alleges that he has reasons to believe, and does believe, that the action taken in this case on behalf of the state of Oklahoma was taken by the said Fred S. Caldwell on the direct advice and at the solicitations of the said Judge G. A. Brown. That on the 8th day of this month, to wit, March 8, 1909, this defendant submitted to the court his motion, requiring the plaintiff to make his petition more definite and certain in each paragraph thereof, and which said motion was by the court sustained as to the first count, and thereupon the plaintiff was given 10 days to file his amended petition, and that thereafter, and at a time unknown to this affiant,

the said G. A. Brown had a conversation and consultation with the said Fred S. Caldwell, when the said court, at a time out of the courtroom, and without the knowledge or consent of this affiant, extended the time which the plaintiff was to be given to make his petition more definite and certain to the term of 30 days, and as this affiant believes, to have this case carried over this term of court, 'and after the adjournment thereof, and with the intent then and there on the part of the said Fred S. Caldwell and the said Hon. G. A. Brown to suspend affiant from office pending the trial of the issues in this case, and of preventing affiant from having a trial within the time contemplated by the said law. Wherefore, affiant prays that a change of judge be allowed on account of the above prejudice of the Hon. G. A. Brown, and that some judge not prejudiced against this defendant be designated to hear and to determine this case. Defendant further asks that this case be set for a trial at once, that he may be given an opportunity to show the facts alleged in the petition to be false."

A preliminary writ issued as prayed for, returnable on the 20th day of April, A. D. 1909. On said date the respondent appeared by counsel, and pleaded that the preliminary writ should not have been issued because the petition therefor does not set forth facts sufficient in law to constitute a cause of action against the respondent. Respondent further answered, admitting that there was an action pending in the district court of Beckham county, state of Oklahoma, as alleged, and that notice and summons of said proceedings had been duly served upon the defendant, and said cause was set for hearing in the district court of said county on the 8th day of March, A. D. 1909, upon a demurrer and motion to make more definite and certain plaintiff's petition, and that action upon said demurrer and motion was had substantially as alleged by relator; that thereafter, in March A. D. 1909, the plaintiff made due and sufficient application before respondent for a notice and summons to the defendant to show cause why, pending said action, the said defendant should not be suspended from the office of county attorney of said county; that due service of notice was had upon the defendant to appear at Elk City on the 26th day of March, A.

D. 1909, to show cause why he should not be suspended from office pending the trial of said cause; that on said 26th day of March, A. D. 1909, respondent convened and held a session in chambers at the opera house in the city of Elk City, Okla., and the said defendant, O. O. Smith, appeared in person and by his attorneys, Harrison & Hendrix, and the respondent proceeded to hear the matter for cause why the said defendant should not be suspended from the office of county attorney of Beckham county, Okla., that at the beginning of said session in chambers at said time and place it was called to respondent's attention of the existence and filing, on the 19th day of March, A. D. 1909, of an affidavit for a change of judge, which affidavit is in substance as set out in the application of relator for writ of prohibition; that the matter as set forth in said affidavit for a change of judge was unknown to the respondent until the time it was called to his attention as stated, whereupon the respondent proceeded to hear the argument of counsel for the plaintiff and defendant, O. O. Smith; that the entire day of the hearing, to wit, March 26, A. D. 1909, was consumed in argument and consideration of said affidavit; that on the 27th day of March, A. D. 1909, at the convening of said session in chambers at the same place, consideration of said affidavit was resumed, and the re-respondent had previously advised counsel for plaintiff and defendant that said session would be adjourned by noon of the 27th day of March, A. D. 1909, for the reason that respondent was convening court at Taloga, Dewey county, Okla., on the 29th day of March, A. D. 1909, and the intervening time would necessarily be spent in traveling from Elk City to Taloga; that at the morning session of the 27th day of March it became apparent that there was not sufficient time at the disposal of respondent in which all the evidence of both plaintiff and defendant could be submitted, and respondent further was not sufficiently advised as to the law applicable to the affidavit for change of judge; that respondent accordingly announced to both parties, and their counsel, that he would reserve a judicial determination on the affidavit as filed until the 5th day of April, A. D. 1909, and that on said date at Arnett,

Ellis county, Okla., he would render his decision, allowing or overruling said affidavit for change of judge; that to expedite matters, and for the purpose of convenience, the respondent allowed the plaintiff to submit evidence such as he had at that time to offer, and allow the defendant, O. O. Smith, the same privilege; that the plaintiff did submit numerous affidavits in evidence, and the respondent further ordered that at Arnett he would hear any other additional evidence that either the plaintiff or defendant had to offer; that at the hearing at Elk City the defendant, O. O. Smith, did not offer any evidence, nor did the respondent compel him to, nor did the respondent compel or order that said defendant offer evidence at Arnett, but extended the time and changed the place at which evidence might be offered by either party, plaintiff or defendant, to Arnett, Okla., on the 5th day of April, A. D. 1909.

The respondent further suggests that upon the evidence offered at Elk City no decision was rendered as to its sufficiency, but such evidence as was offered was considered as having been submitted to the respondent, and nothing was done in the premises prejudicial to the rights of the defendant. Respondent denies that he ever refused to pass upon said affidavit for change of judge. Respondent further pleads that the affidavit filed by said O. O. Smith for a change of judge is insufficient in law to entitle said defendant to a change of judge, and that it does not set forth facts sufficient in law to authorize an order of said respondent allowing said change of judge. Respondent further alleges that by reason of said writ of prohibition having been issued he is restrained from passing upon said affidavit of said O. O. Smith for a change of judge, and that it is the duty, and is the law of the land, that said application should be passed upon by the respondent, as judge of the Eighteenth District Court Judicial District, of the state of Oklahoma; that no other person or court has any right to allow a change of judge or refuse same, but that the order prohibiting the respondent from further proceeding in said cause prevents any action in the case whatsoever; that said writ should not have been

issued, and should not now be made permanent, for the reason that said defendant, O. O. Smith, has a plain and adequate remedy at law.

*W. D. Cardwell* and *Harrison & Hendrix,* for relator, citing: *Day v. Day* (Idaho) 86 Pac. 551; *In re Brown,* 2 Okla. 590; *Railway Co. v. Reynolds,* 8 Kan. 623; Statutes 1903, §§ 4204, 4205, 1924; *State v. Jones,* 66 Ohio, 453; *People v. Hazelwood,* 116 Ill. 319; *Coulter v. Routt Co.,* 9 Colo. 261, 263; *Bell v. District Court* (Neb.) 6 A. & E. Ann. Cas. 982; *State v. Huston et al.* (Okla.) 97 Pac. 982; *State ex rel. v. Sale, Judge,* (Mo.) 87 S. W. 967.

*Fred S. Caldwell* and *W. B. Merrill,* for respondent.

WILLLIAMS, J. (after stating the facts as above). The following questions are essential for determination in order to dispose of this writ: (1) Is the proceeding for the removal of officers provided for in section 23, art. 3, c. 69, p. 611, Sess. Laws 1907-08, a civil action? (2) Is the judge of a district court vested with judicial discretion in determining whether or not a change of venue shall be granted on application, under section 4256, Wilson's 'Rev. & Ann. St. 1903 (Code Civ. Proc. § 58)?

1. Said section 23 in part provides:

"For the purpose of such removal a petition may be filed in the district court of the country wherein such officer resides, in the name of the state, on the relation of any citizen thereof, upon the recommendation of a grand jury, grand juror, or on the relation of the board of county commissioners, or of any attorney appointed by the Governor under the provisions of this act. Summons shall be issued and proceedings had therein to final judgment *as in·other civil cases.* (Italics ours.)　＊　＊　＊"

It clearly appears that when the proceedings is brought under this provision, it is a civil action. It was evidently the intention of the Legislature to place this particular action in the same classification as *quo warranto,* which is a civil action under all the authorities. *State v. Huston et al.,* 21 Okla. 782, 97 Pac. 989; *State v. Price,* 50 Ala. 568, 571; *Maben v. Rosser, Judge, etc., et al.* (decided at this term), *post,* p 588, 103 Pac. 674.

2. Section 10, c. 68, art. 1, p. 592, Sess. Laws 1907-08, of an act entitled "An act designating the counties in which civil actions may be brought, and declaring an emergency," provides:

"In all cases in which it is made to appear to the court that a fair and impartial trial cannot be had in the county where the suit is pending, the court may, on application of either party, change the place of trial to some county where such objections do not exist. Or, when the judge is interested or has been of counsel in the case or subject-matter thereof, or is related to either of the parties by affinity or consanguinity within the third degree, or is otherwise disqualified to sit, the court shall grant a change of judge in accordance with the laws and Constitution of this state."

Without determining the question as to whether or not said section 10 is embraced within the title of the act, in accordance with the provisions of section 57, art. 5 (Bunn's Ed. § 130; Snyder's Ed. p. 173), of the Constitution, we pass to the question as to what difference there is, if any, between this section and section 4256 (chapter 66, art. 5, § 58, Code Civ. Proc.) Wilson's Rev. & Ann. St. 1903, which provides:

"In all cases in which it shall be made to appear to the court that a fair and impartial trial cannot be had in the county where the suit is pending, or when the judge is interested or has been of counsel in the case or subject-matter thereof, or is related to either of the parties, or is otherwise disqualified to sit, the court may, on application of either party, change the place of trial to some county where such objection does not exist."

It is insisted that section 10 superseded section 4256, and that when under section 10 the disqualifying affidavit is filed, it is *ipso facto* incumbent upon the presiding judge to grant a change of judge. The only practical change that is made from section 4256 by said section 10 is that when the judge is interested, or has been of counsel in the case or subject-matter thereof, or is related to either of the parties, or is otherwise disqualified to sit, the court shall grant a change of judge. In said section 4256 the court, on application of either party, may change the place of trial to some county where such objection does not exist. Sec-

tion 4256, before it was transplanted to Oklahoma Territory from Kansas, was construed by the Supreme Court of that state in the case of *Kansas Pacific Ry. Co. v. Reynolds,* 8 Kan. (2d Ed. 424) 630. Justice Brewer, in delivering the opinion of the court, said:

"When a case is for trial, if the judge has been of counsel, and neither party moves in the matter, he orders the election of a judge *pro tem.* under section 4, c. 28, above cited (Gen. St. 1868). If, however, either party desires, he may apply under the law of 1870 (section 4256), and by that is entitled to a change of the place of trial. The two acts harmonized do not vest a discretion in the judge, but grant a right to the parties. It is not left with him, but with them, to decide whether to proceed under a judge *pro tem.,* or to take a transfer. The law of 1870 thus adds a condition which is not in the General Statutes. It is not harmonizing, it is legislating, to ignore this condition, and then leave to an officer the choice as to which statute he will act under, especially when such choice might materially affect the rights of a party."

And in the same opinion the word "may," as used in the statute, was construed to mean "must," and that construction has been followed in Oklahoma Territory. See *In re Brown,* 2 Okla. 598, 39 Pac. 469; *Richardson et al. v. Augustine,* 5 Okla. 667, 49 Pac. 930. The Legislature, by using the term "shall grant a change of judge," instead of the term "may, on application of either party, change the place of trial to some county where such objection does not exist," in view of the construction of the word "may" in the case of *Kansas Pacific Ry. Co. v. Reynolds, supra,* did not render the statute in that respect any more mandatory, and there can be no special significance in the use of the word "shall" instead of the word "may," unless it be to follow literally the express construction of the highest courts of Kansas and Oklahoma Territory. It seems to have been surely the purpose of the Legislature of this state, in enacting said section, to prevent a change of venue or place of trial from one county to another on account of the disqualification of the presiding judge.

The procedure for the disqualification of a district judge in criminal cases, on account of bias or prejudice, is prescribed by

subdivision 4 of section 5427, Wilson's Rev. & Ann. St. 1903 (Code Cr. Proc. § 291). This statute has been construed by the Supreme Court of the territory of Oklahoma, in the case of *Lincoln v. Territory,* 8 Okla. 546, 58 Pac. 730, by the Circuit Court of Appeals for the Eighth Circuit, in the case of *Cox v. United States,* 100 Fed. 293, 40 C. C. A. 380, and the Criminal Court of Appeals of the State of Oklahoma, in the case of *Buchanan v. State,* 2 Okla. Cr. 126, 101 Pac. 295, holding that when an affidavit was filed in accordance with the provisions of said section, as a matter of right the accused was entitled to a change of judge. A different construction, however, seems to have been placed upon section 4256, *supra,* relating to judges in the trial of civil cases. In the case of *Horton v. Haines et al,* recently decided by this court, 23 Okla. 878, 102 Pac. 121, it is held that said section 4256, relating to change of venue, is not imperative or mandatory, and does not require the granting of a change of venue upon any showing made therefor, but that the court is vested with a sound discretion upon the showing made by the applicant to grant or refuse the same, and that on appeal, unless it appears to this court that there has been an abuse of such discretion by the lower court, its action will not be disturbed. In that case an application was made for a change of judge on the ground that the trial judge was biased and prejudiced against the applicant, and for that reason he could not obtain a fair and impartial trial before him. This court held that on the record disclosed it did not appear that the trial court had abused its discretion in overruling the application for a change of judge. See, also, *Maharry et al. v. Maharry,* 5 Okla. 371, 47 Pac. 1051; *Richardson et al. v. Augustine,* 5 Okla. 667, 49 Pac. 930.

It is a well-settled rule that, where an inferior court has jurisdiction to take the action contemplated under any circumstances, the exercise of such power by him involving a judicial discretion, a writ of prohibition will not lie. It is only where an inferior tribunal is about to do some act wholly unauthorized by law, or in excess of its jurisdiction, that the writ will lie. *Ex parte*

*Engles,* 146 U. S. 357, 13 Sup. Ct. 281, 36 L. Ed. 1005; *In re Fassett,* 142 U. S. 479, 12 Sup. Ct. 295, 35 L. Ed. 1087·; *People ex rel. Graver v. Circuit Court of Cook County et al.,* 173 Ill. 272, 50 N. E. 928; *State ex rel. Hofmann v. Scarritt, Judge, et al.,* 128 Mo. 331, 30 S. W. 1026; *State ex rel. Franklin v. Raborn,* 60 S. C. 78, 38 S. E. 260; *Board of Education, etc., v. Holt,* 41 W. Va. 435, 41 S. E. 337. In the case of *State of Washington ex rel. Gardner v. Superior Court of Yakima County et al.,* 9 Wash. 308, 37 Pac. 448, the court said:

"In *State ex rel. Cline v. Campbell,* 5 Wash. 517, 32 Pac. 97, we held that a motion of this kind is addressed to the discretion of the superior court, and such court, in the exercise of a matter intrusted to its discretion, will not be interfered with by a writ of prohibition."

It is further insisted that section 23, art. 3, c. 69, Sess. Laws 1907-08, under which this action is brought, is in contravention of section 59, art. 5 (Bunn's Ed. § 132; Snyder's Ed. p. 181), of the Constitution, which provides that "laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable, no special law shall be enacted." The general provision referred to (section 5201, c. 68, art. 4, § 65, Wilson's Rev. & Ann. St. 1903) relates to wilful or corrupt misconduct in office, as to county, township, or municipal officers. Said section 23, art. 3, c. 67, p. 611, Sess. Laws 1907-08, relates to sheriffs, constables, marshals, and police officers, and all county and city attorneys, enforcing the prohibition laws of the state, and provides that upon their failure so to do they may be removed from office in a civil proceeding. Laws are general and uniform, not because they operate upon every person within the state, for they do not, but because every person that is brought within the relation and circumstances provided for is within the law, and the fact of their being uniform is not affected by the number of those within the scope of their operation. *Arms 'v. Ayer,* 192 Ill. 601, 61 N. E. 851, 58 L. R. A. 277, 85 Am. St.

Rep. 357. In the case of *City of Pond Creek v. Haskell,* 21 Okla. 711, 97 Pac. 358, this court said:

"It is a general act, applicable to every county in the state alike, and to every county seat in the state alike. It is no more a special act than would be a law providing for special deputy sheriffs, special policemen, or for a special jury venire, applicable generally throughout the state. Neither is it a local law requiring publication, but equally general with all other laws."

But it is further insisted that it creates a different procedure from that prescribed in article 4, c. 68, Wilson's Rev. & Ann. St. 1903. In said article it is provided (section 5201) that the accusation must be in writing against any county, township, city, or municipal officer, for wilful or corrupt misconduct in office, and may be presented by the grand jury to the district court of the county in or for which the officer accused is elected or appointed (section 5202), and state the offense charged in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended; (section 5203) the judge to whom it is delivered, after receiving the same, must forthwith cause it to be transmitted to the district attorney of the county or subdivision, except when he is the officer accused, who must cause a copy thereof to be served upon the defendant, and require, by written notice of not less than 5 days, that he appear before the district court of the county or subdivision, and answer the accusation at a specified time, when the original accusation must be filed with the clerk of the court; (section 5204) the defendant must appear and answer; if not, an adjudication may be had in his absence; (section 5205) defendant may answer either by objection to the sufficiency thereof, or of any article therein, or by denial of the truth of the same; (section 5209) on plea of guilty, or refusal to answer the accusation, judgment of conviction to be rendered against him; and (section 5210) trial to be by jury, in all respects in the same manner as the trial of an indictment for misdemeanor.

Section 23, art. 3, c. 69, Sess. Laws 1907-08, being a portion of an act relating to the enforcement of the prohibition provision

of the Constitution, provides that all sheriffs, constables, marshals, police officers, and all county and city attorneys shall diligently enforce such act; and, if any officer fails or refuses to do or· perform any duty required by the provisions of said act, he shall be removed from office as therein provided, by petition filed in the district court of the proper county in the name of the state, on the relation of any citizen, upon the recommendation of a grand jury, grand juror, or on the relation of the board of county commissioners, or any attorney appointed by the Governor under the provisions of said act, summons to be issued and proceedings had to final judgment as in other civil cases, with a proviso that when an order is made suspending such officer, he shall be entitled to demand ·and have a trial within 10 days, if 'the court be in session, etc.; a change of judge or change of venue to be allowed as in other civil cases. This act relates to a class, and includes all of that class, to wit, all of the local officers upon whom is imposed the duty of enforcing the prohibitory law.

Section 17, art. 2, of the Constitution of Kansas of 1859 is practically identical with section 59, art. 5 (Bunn's Ed. § 132; Snyder's Ed. p. 181), of the Constitution of Oklahoma. In the case of *State ex rel. Johnson v. Hitchcock,* 1 ·Kan. 184, 81 Am. Dec. 503, the court, in construing said section 17, said:

"We understand this section of the Constitution as leaving a discretion to the Legislature, for it would be difficult to imagine a legislative purpose which could not be accomplished under a general law. If it is possible, as' we think it is, to frame a general law under which the purpose of any special law could be accomplished, then that provision of the Constitution, if literally construed, would absolutely prohibit all special legislation. Such is not its purpose. It recognizes the necessity of some special legislation, and seeks only to limit, not prohibit it."

The following Kansas decisions support that case: *Beach v. Leahy,* 11 Kan. 23; *Commissioners of Norton County v. Shoemaker,* 27 Kan. 77; *Harvey v. Commissioners of Rush County,* 32 Kan. 159, 4 Pac. 153; *Weyand v. Stover,* 35 Kan. 545, 11 Pac. 355; *City of Wichita v. Burleigh,* 36 Kan. 34, 12 Pac. 332; *State*

*v. Sanders,* 42 Kan. 228, 21 Pac. 1073; *Hughes v. Milligan,* 42 Kan. 396, 22 Pac. 313; *Commissioners of Linn County v. Snyder,* 45 Kan. 636, 26 Pac. 21; *Commissioners of Barber County v. Smith,* 48 Kan. 332, 29 Pac. 565; *Elevator Company v. Stewart,* 50 Kan. 378, 32 Pac. 33; *Eichholtz v. Martin,* 53 Kan. 486, 36 Pac. 1064; *In re Greer,* 58 Kan. 271, 48 Pac. 950. See, also, *Weston v. Ryan,* 70 Neb. 211, 97 N. W. 347, 6 Am. & Eng. Ann. Cas. 926, and notes thereto; *Guthrie National Bank v. Guthrie,* 173 U. S. 528, 19 Sup. Ct. 513, 43 L. Ed. 796; *Davis v. Gaines,* 48 Ark. 370, 3 S. W. 184; *Waterman v. Hawkins,* 75 Ark. 120, 86 S. W. 844; *Sanitary District v. Ray,* 199 Ill. 63, 64 N. E. 1048, 93 Am. St. Rep. 102; *Mt. Vernon v. Evans, etc., Company,* 204 Ill. 32, 68 N. E. 208; *Board of Commissioners of Jackson County v. State,* 147 Ind. 476, 46 N. E. 908; *Schneck v. City of Jeffersonville,* 152 Ind. 204, 52 N. E. 212; *Smith v. Grayson County,* 18 Tex. Civ. App. 153, 44 S. W. 921; *State ex rel. Henderson v. Boone County,* 50 Mo. 317, 11 Am. Rep. 415; *State v. Wilcox,* 45 Mo. 458; *State v. Pinger,* 50 Mo. 486; *State v. New Madrid County,* 51 Mo. 82; *Hall v. Bray,* 51 Mo. 288; *St. Louis v. Shields,* 62 Mo. 247; *Ensworth v. Curd,* 68 Mo. 282; *State v. Aubuchon,* 8 Mo. App. 325:

In the case of *Oklahoma City v. Shields,* 22 Okla. 265, 100 Pac. 576, this court said:

"To determine, under a state Constitution, what can be accomplished by general or special legislation has been, with but few exceptions, held to be a question solely for the Legislature. *Martin v. Mott,* 12 Wheat. 28, 6 L. Ed. 537; *Clarke et al. v. Jack et al.,* 60 Ala. 278; *In re Greer,* 58 Kan. 270, 48 Pac. 950; *Evansville v. State,* 118 Ind. 426, 21 N. E. 267, 4 L. R. A. 93; *Wiley v. Bluffton,* 111 Ind. 152, 12 N. E. 165; *Brown v. Denver,* 7 Colo. 305, 3 Pac. 455; *People v. McFadden,* 81 Cal. 489, 22 Pac. 851, 15 Am. St. Rep. 66; *Richman v. Supervisors, Muscatine County,* 77 Iowa, 513, 42 N. W. 422, 4 L. R. A. 445, 14 Am. St. Rep. 308; *Owners of Land v. People,* 113 Ill. 296; *State v. Boone County,* 50 Mo. 317, 11 Am. Rep. 415; *McGill v. State,* 34 Ohio St. 228; *State v. Hitchcock,* 1 Kan. 178, 81 Am. Dec. 503; *Carson v. St. Francis Levee District,* 59 Ark. 513, 27 S. W.

590; *Stockton v. Powell,* 29 Fla. 1, 10 South. 688, 15 L. R. A. 42; *Whited v. Lewis,* 25 La. Ann. 568; *People v. Bowen,* 21 N. Y. 517; *Edmonds et al. v. Herbrandson et al.,* 2 N. D. 270, 50 N. W. 970, 14 L. R. A. 725; *Wheeler v. Chubbuck,* 16 Ill. 362."

Section 6, art. 2 (Bunn's Ed. § 15; Snyder's Ed. p. 21), of the Constitution, provides:

"The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay or prejudice."

This provision is self-executing, and is sufficient, in the absence of statute, to disqualify a judge on account of bias or prejudice. This construction is supported by the case of *Day v. Day,* 12 Idaho, 556, 86 Pac. 531; the Constitution of that state having a similar provision. Whilst under all events by said section a district judge may be disqualified on account of bias or prejudice, yet the Legislature may prescribe how that disqualification should be determined; and it appears from said section 10 that it is to be determined by the court examining the showing made for such purpose, and that if "it appears" that he is disqualified, then the change of judge shall be allowed. In this the court exercises a discretion, and under such circumstances prohibition is not the remedy. *Horton et al. v. Haines, supra; Maharry et al. v. Maharry, supra.*

It is earnestly insisted, in the very able and elaborate brief filed by counsel for relator, that prohibition is the proper remedy in this case, and we are cited to the case of *State v. Huston,* 21 Okla. 782, 97 Pac. 982, wherein it is said:

"Prohibition is the proper remedy, where an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it."

We adhere to the rule there announced. But it is not a question in this case of the lower court exceeding its legitimate powers, but as to whether or not it commits error therein in passing

upon the sufficiency of what "is made to appear" relative to such disqualification. That can only be reviewed by appeal.

It is further earnestly insisted that if a wrong is done the relator by wrongfully or erroneously removing him from office, an appeal is not an adequate remedy; that if he is suspended from office and ousted therefrom by the trial court, and on appeal should be sustained, although he would not be deprived of the emoluments of his office, yet that remedy could not compensate him for the obloquy, shame, and disgrace suffered by reason of such wrongful suspension and ouster from office, and he would thereby suffer an irreparable wrong. This is an argument that may not only be addressed to the Legislature, in providing for fair and speedy trials, with expeditious appeals, in such cases, but also to the judgment and conscience of the trial judge, but is not a legal cause for the intervention of the writ of prohibition. In this state, where there is such ample and complete provision made for the transfer of one judge to another district, so that in such cases trials may be had without delay, if there is any question as to whether or not the trial judge is disqualified, the doubt should be resolved in favor of the accused. But when the power is lodged with the trial court authorizing it to pass on a question, the arm of this court cannot be used by means of a writ of prohibition to stay an erroneous act of such court. Under the laws in force in this state the only way for the correction of such error is by appeal.

We express no opinion as to whether or not the affidavit for a change of judge, filed by the relator before the respondent, is sufficient. That question is not now properly before this court for review.

Dunn, Hayes, and Turner, JJ., concur; Kane, C. J., not participating.