# SUPREME COURT

# SPECIAL TERM REPORTS.

## VOL. 3. NO. 11.

GILBERT L. WILSON, Receiver, &c., vs. FREDERICK W. ALLEN
and others.

Upon an appeal under the code, the undertaking must conform to the 283d section, as well
as to the 284th section, when execution is sought to be stayed, &c. And, in all cases, it
must conform to the 283d section, to render the appeal effectual for any purpose. (See
the case of *Langley & Langley* v. *Warner*, decided in the Court of Appeals, ante page 363.)

*Held*, that where an undertaking is defective, and conforms only to the 284th section when
it should conform to that and the 283d section likewise, it may be amended by the court
under the general power conferred upon them by the 149th section of the code; that it is
a *proceeding* in the cause, the amendment of which, in furtherance of justice, was mani-
festly intended by the language of that section. (This branch of the opinion is adverse to
the decision on the same point in *Langley & Langley* v. *Warner*, above cited.)

*It seems*, also, that the court have the power of amending such an undertaking, under § 34
of the Revised Statutes, relating to suits and proceedings in civil cases. Although such
security is no longer called *a bond*, yet, in substance and legal effect, it does not, in any
respect, differ from the appeal bond required by the Revised Statutes; and indeed, such a
bond would be a sufficient undertaking under the code.

It is not essential to the validity of an undertaking, that it should be *proved or acknowledged;*
all that the code requires is, that it should be *approved* by a justice of the court, or county
judge. It is a matter in the discretion of the officer, whether he will approve the under-
taking without requiring it to be proved or acknowledged. Nor is it necessary, in the
first instance, that the sureties should justify. It is enough, in that stage of the proceed-
ings, that the approval required by the 290th section of the code, is indorsed on the un-
dertaking.

It is not necessary that a *notice of appeal* should state the *grounds* upon which the appeal is
brought. It is sufficient if it specifies what part of the judgment is appealed from, where
a part only is intended to be reviewed.

Where the Defendants gave notice (in time) that they excepted "to the decision of the re-
feree, whereby he decided that there was due from the Defendants to the Plaintiff the
sum of, &c.," *held*, that it was equivalent to an exception to the conclusion of law derived

47

by the referee from the facts found by him, (§§ 222, 223 and 227,) and consequently was sufficient to entitle them to a review of the decision upon appeal.

*It seems* that where a *case* is made for the purpose of obtaining a review upon the evidence under the provisions of § 223, it should be verified, as required by the 44th rule of this court.

*Albany General Term, January,* 1849, *before* HARRIS, WATSON *and* PARKER, *Justices.*—This was an action commenced under the code—a referee, to whom the issues in the action had been referred, made his report in favor of the Plaintiff on the 4th December, 1848, and on the 9th day of the same month, judgment was perfected upon the report, and notice given to the attorneys for the Defendants. On the 6th day of December, the Defendants' attorneys served notice of exception to the decision of the referee, pursuant to the 227th section of the code, and on the 12th day of the same month served notice of appeal from the judgment, and filed with the clerk an undertaking approved by one of the justices of this court. The condition of this undertaking is, " *that if the judgment appealed from, or any part thereof shall be affirmed, the appellants will pay the amount directed by the said judgment to be paid, or the part thereof as to which the same shall be affirmed, if it shall be affirmed only in part, and all damages which shall be awarded against the appellants on the appeal.*" The Plaintiff moves to dismiss the appeal upon several grounds, which will be found stated in the opinion of the court.

F. S. EDWARDS, *for respondent.*

E. F. BULDARD, *for appellants.*

By the Court, HARRIS, Justice.—The undertaking is in the form necessary, under the 284th section of the code, to stay the execution of the judgment. But, by the 283d section, *another undertaking* is rendered necessary before an appeal " *can be effectual for any purpose.*" It is true that it is very similar to the last clause in the undertaking required by the 284th section. So similar that it is insisted by the counsel for the appellants, that an undertaking executed in conformity with the latter section necessarily embraces all that is required by the former section. In this, however, I think he is mistaken. The undertaking required by the 283d section as indispensable, in order to render an appeal effectual for any purpose, provides for the payment of " *all costs and damages which may be awarded against the party appealing,*" while the undertaking prescribed by the 284th section provides for the payment of *damages* merely. I do not think the word *damages,* as used in the 284th section, would, as against sureties, be construed to embrace *the costs* upon the appeal. The 289th section manifestly contemplates that in a case like that

before the court, an undertaking shall be executed under each section—that an undertaking under the 284th section should not dispense with that required by the 283d section. Both may be in the same instrument, but both must be executed, if the appellant would stay proceedings upon the judgment. The undertaking is therefore defective in this respect.

The next, and more important question is, whether the undertaking can be amended so as to save the appeal. In the commencement of a system of practice so entirely new as that prescribed by the code, a liberal exercise of all the discretionary power to allow amendments, vested in the court, is obviously the dictate of wisdom as well as the spirit and policy of the system itself. And I am inclined to think, after a careful examination, that such an amendment as is necessary in this case, in order to conform the undertaking to the requirements of the statute, may be allowed under the general power given to the court by the 149th section of the code. That section authorizes the court, at any time, in furtherance of justice, to amend any pleading or *proceeding*, by correcting *a mistake in any respect*. The term "*proceeding*" is generally applicable to any step taken by a party in the progress of an action. Anything done from the commencement to the termination is a *proceeding*. But the chapter containing the section referred to relates to "mistakes in *pleading* and amendments," and lest their intention might be misapprehended, and the provisions of that section should be confined to *pleadings*, the framers of the code seem, for greater caution, to have used the term "*proceeding*" to distinguish all other steps taken in an action from those embraced in the term *pleading*. I think it was manifestly their intention to confer upon the court the power of amendment in all cases where the exercise of such power would be in furtherance of justice.

I am also inclined to think the amendment might be allowed under the 34th section of the Revised Statutes relating to suits and proceedings in civil cases. That section provides that whenever a bond is or shall be required by law to be given by any person in order to entitle him to any right or privilege conferred by law, or to commence any proceeding, if such bond be defective in any respect, the court authorized to receive the same, or to entertain any proceedings in consequence of such bond, if the same had been perfect, may, on the application of all the obligors therein, *amend the same in any respect*. It was held in *Potter* v. *Baker*, (4 Paige, 290) that this statute applied to appeal bonds, and the chancellor accordingly allowed a bond which had been executed by only one surety to be amended by adding another. It is true that the security given upon an

appeal is no longer called *a bond.* But the commissioners themselves say that the sections of the code relating to securities on appeals are taken substantially from the corresponding section in the Revised Statutes, with only such changes in language and effect as were necessary to make them conformable to their general plan. In substance and legal effect, the undertaking does not in any respect differ from the appeal bond before required. Indeed, they are so entirely similar that a bond executed according to the requirements of the Revised Statutes, would be a sufficient undertaking under the provisions of the code. If it were necessary, therefore, "for the furtherance of justice," I should have no great difficulty in finding in the action of the Revised Statutes referred to, a sufficient authority for allowing the amendment.

It is also insisted that the *notice of appeal* is insufficient. It merely states that the Defendants appeal "from the judgment entered in this action to the general term of this court." Such a notice is, I think, a sufficient compliance with the requirement of the 275th section of the code. It was not, I apprehend, intended to require that the notice of appeal should be more specific than was required upon appealing from a decree or order in chancery; and there it was never required that the grounds of appeal should be stated in the notice. It is enough if the notice specify what part of the judgment it is intended to review upon the appeal.

It is also objected that the undertaking is not proved or acknowledged. This is not essential to its validity. All that the code requires, in this respect, is that the instrument should be approved by a judge of the court or a county judge. It is a matter in the discretion of the officer, whether he will approve the undertaking without requiring it to be proved or acknowledged. The justices in New York have adopted a rule requiring such proof or acknowledgment before they will approve an undertaking. This practice certainly is to be recommended; but, if the officer whose approval is required chooses to dispense with it, no advantage can be taken of the omission.

Nor do I think it necessary, in the first instance, that the sureties should justify. It is enough that the approval required by the 290th section of the code is endorsed on the undertaking. If the party against whom the appeal is taken is dissatisfied with the security, the same section allows him to have a justification, under circumstances more favorable to him than the former practice allowed.

One other ground of objection remains to be noticed. In case of a trial by the court or a referee, any decision on a matter of law arising on the trial may be excepted to within ten days after notice of such decision in

the same manner as if the case had been tried by a jury. The court or referee is required to state in the decision the facts found and the conclusions of law upon such facts. (See sections 222, 223, 227.) In this case, within the time prescribed, the Defendants gave notice that they excepted " to the decision of the referee whereby he decided that there was due from the Defendants to the Plaintiff the sum, &c." This, I think, is equivalent to an exception to the conclusion of law derived by the referee from the facts found by him, and if so, it is sufficient to entitle them to a review of such decision upon appeal. The objection, therefore, that no exception has been taken upon which an appeal can be founded is not well taken.

It appears, that the Defendants have also served a case for the purpose of obtaining a review upon the evidence, under the provisions of the 223d section. It is objected that the case is not verified as required by the 44th rule of this court. The proceeding may be, and probably is, irregular in this respect. But the decision of this motion does not involve that question.

The motion to dismiss the appeal must be granted unless, within ten days after notice of this decision the appellants amend their undertaking so as to make it conformable to the 283d section of the code, with the written consent of the present sureties in the undertaking, which consent must be annexed to and filed with the undertaking.