JASPER N. KILLIP, Appellant, *vs.* EMPIRE MILL AND MINING CO., Respondent.

RESPONSE TO PETITION FOR RE-HEARING.

A Court of Chancery, by a proper proceeding and in a proper case, may set aside a judgment rendered by a Common Law Court; but relief is granted on the very ground that the Law Court has lost jurisdiction of the case, so that it cannot afford the proper remedy.

Opinion by Beatty, J., full Bench concurring.

In this case a petition for re-hearing has been filed, which is. based on two grounds :

*First*—That this Court erred in holding that the District Court had lost *jurisdiction* of the case before the order granting a new trial was made.

*Second*—That a verbal notice of intention to move for a new trial is sufficient.

In support of the first point, counsel lay down these propositions :

" 1st. That a Court will not, after the adjournment of the term,

correct or amend its judgments or records, except in clerical matters or matters of form.

" 2d. That a Court of general jurisdiction, notwithstanding the foregoing rule, will, on proper proceedings instituted before it, allow its judgments at a former term to be attacked ; will grant injunctions to restrain their execution; will set them aside for fraud ; and maintain a jurisdiction over them to inquire into the circumstances under which they were rendered."

These propositions are in some sense correct, when applied to Courts having both common law and chancery jurisdiction.  In other words, the equity side of the Court will, upon a proper showing in a bill filed for that purpose, set aside a judgment previously rendered by a Common Law Court.  So, too, on a proper showing in a bill of review, it will set aside or amend a decree rendered at a former term of the same Court.  But these proceedings are based on the express theory that the Court has lost jurisdiction of the former case.  A Court of Chancery relieves from the effect of a judgment at law only because the Law Court has lost jurisdiction, and cannot afford the relief sought.  This was not a proceeding in a distinct case in equity, but a proceeding in the Law Court, which had lost jurisdiction of the case—or, rather, lost jurisdiction over the judgment.  Even after judgment and term expired, the Court, for certain purposes, retains jurisdiction.  It has jurisdiction to control the execution and subsequent proceedings, but no jurisdiction to alter or control the judgment, except in certain specified cases, when the statutes give such jurisdiction.

We are satisfied, as before held, that the Court, before it made the order for filing a notice *nunc pro tunc*, had lost all jurisdiction over the case for this purpose.

In relation to the second point, counsel argue that the two authorities cited in support of the proposition that a verbal notice of intention to move for a new trial is insufficient, ought not to be relied on as authoritative on that point.

In relation to case cited from 12 Cal. 440, it is contended that it should not be held as good authority, because counsel for appellant in that case makes an erroneous quotation from the Practice Act, which may have misled the Court.

We do not think that counsel in the case of *Borland* v. *Thorn-*

*ton* assumed to quote section 517, but merely stated in their points what they assumed to be the operation and effect of the statute. We are satisfied, from the language used by Judge Field, that he was not misled in the matter. He says in his opinion : " Where the statute speaks of notice it means written notice, or notice in open court, of which a minute is made by the Clerk." When the Judge wrote this opinion he must have been fully aware the statute spoke of " notice " generally, for if the statute had read " written notice," there certainly would have been no necessity for saying " *written* notice means *written* notice." It is clear that it was the opinion of the Judge who wrote that opinion, that where a statute requires a " notice " to be given in judicial proceedings, it shall be held to mean either a written notice or one given in open court and entered on the minutes of the Court.

Counsel contend that the case in 24 Cal. is not a reliable authority, for the reason that the same Judge who says : " The law provides that notice of a motion for a new trial shall be given, and the notice intended is a written notice," afterward says : " At best, it is a doubtful question."

True, the Judge who rendered that opinion says it is " a doubtful question " whether a notice given in open Court, and entered on the minutes of the Court by the Clerk, might not be as effectual as a written notice. But the Judge never expressed a doubt about the effect of a mere *verbal notice.* Upon that subject he expressed *no* doubt. He was satisfied such notice would be insufficient. This Court agrees with the learned Judge who rendered that opinion, fully. The verbal notice is insufficient. The other is a doubtful question, and we have not decided it.

The re-hearing is denied.