[No. 1405. Decided June 28, 1894.]

THE STATE OF WASHINGTON, *on the relation of George J. Gardner*, v. SUPERIOR COURT OF YAKIMA COUNTY AND CARROLL B. GRAVES, *Judge of said Court.*

PROHIBITION, WRIT OF—MATTERS WITHIN DISCRETION OF COURT.

A motion for the dismissal of an appeal from a justice of the peace for a failure to file the transcript within the time allowed, is a matter addressed to the discretion of the superior court, and a writ of prohibition will not lie for the purpose of controlling the exercise of the court's discretion in the matter.

*Original Application for Prohibition.*

*Jones & Newman,* and *M. A. Root,* for relator.

*J. B. Reavis,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—On March 2, 1894, in an action pending before one J. O. Clarke, a justice of the peace in and for Yakima county, wherein one Rozell was plaintiff and the relator herein was defendant, a judgment was rendered in favor of the defendant, dismissing the action. On March 6 the plaintiff duly filed and served a notice of appeal to the superior court and gave a bond as required by § 1631, Code Proc. On March 21, the transcript not having been filed, the relator appeared specially in the superior court and moved to dismiss the appeal on that ground. On the 26th day of March the transcript was filed. On the 2d day of April the motion came on for hearing in the superior court and was denied; whereupon the relator makes this application for a writ of prohibition to prevent said court from further proceeding with said cause, on the ground that it has no jurisdiction thereof.

While the statute, § 1634, provides that the appellant shall furnish the superior court with a transcript of the

entries in the justice's docket, etc., within ten days after an appeal has been taken, we are of the opinion that the failure to do this will not deprive the superior court of jurisdiction. Circumstances over which the party appealing has no control may prevent his obtaining a transcript within the ten days, and where a party desiring to appeal does all in his power to enforce and preserve his rights in the premises, he should not be defeated by reason of such a failure. According to the *ex parte* showing made here the failure to furnish the transcript in this instance was due to the delay and negligence of the plaintiff in said action. But this affords no ground for the granting of the writ. In *State, ex rel. Cline, v. Campbell*, 5 Wash. 517 (32 Pac. 97), we held that a motion of this kind is addressed to the discretion of the superior court, and such court, in the exercise of a matter entrusted to its discretion, will not be interfered with by a writ of prohibition.

Writ denied.

HOYT, STILES and ANDERS, JJ., concur.