[No. 1779]

## C. E. SHERMAN, Appellant, v. SOUTHERN PACIFIC COMPANY, Respondent.

1. New Trial—Time for Motion—Extension of Time—Excuse for Delay—"Mistake, Inadvertence, Surprise, or Excusable Neglect."

   The affidavit of counsel that, owing to a pressing business engagement, which took him to another state after a stipulation for the extension of time to move for a new trial, of being engaged in court the day the stipulation expired, the serious illness of his wife, and the impression that the stipulation included another day, he neglected to ask for an extension of time for such motion shows "mistake, inadvertence, surprise, or excusable neglect" within Comp. Laws, 3163, and entitled him to relief against his default and a further extension of time in which to make the motion.

Appeal from the District Court of the Second Judicial District of the State of Nevada, Washoe County; *John S. Orr*, Judge.

C. E. Sherman was awarded damages against the Southern Pacific Company, and from an order allowing defendant additional time in which to file a motion for new trial, plaintiff appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Cheney, Massey & Price*, for Appellant.

*Guy V. Shoup*, for Respondent.

By the Court, Sweeney, J.:

In a suit instituted in the District Court of Washoe County, State of Nevada, C. E. Sherman recovered a verdict of $15,000, on March 9, 1908, against the Southern Pacific Company, for personal injuries alleged to have been received by plaintiff while a passenger upon one of defendant's trains. Due to the inability of the stenographic reporter to transcribe the testimony within the time allowed by statute, plaintiff's attorneys at various times stipulated with defendant's attorneys to extend defendant's time within which to serve and file its notice of intention to move for a new trial and statement on motion for a new trial. The last stipulation extended the time for this purpose until and including May 25, 1908.

According to the affidavit of Guy V. Shoup, counsel for defendant, setting forth uncontradicted facts to the effect that, owing to pressure of business matters, and urgent business which necessitated his presence in San Francisco, of being engaged in court on the day the stipulation expired, and the serious illness of his wife, and being under the impression that said last stipulation extended to and included May 27, 1908, which caused him to fail to refresh his memory as to the exact date of the time extended, he neglected to ask for another extension of time from opposing counsel until the 26th day of May, 1908, the day after the last stipulation extending his time had elapsed. Upon application to plaintiff's attorneys for a further extension of time, made necessary because the official reporter had not yet been able to complete his transcription of the testimony, plaintiff's attorneys, believing that because the time for serving and filing the notice and statement had expired the day previous, they should, in protection of their client's interests, refuse to grant any further courtesies in this respect, declined to grant defendant's attorneys any further time. Thereupon defendant's attorneys applied to the district court, after due notice given, to be relieved of the default defendant was then in and for a further extension of time within which to serve its notice and statement on motion for a new trial. This application was based upon the affidavit of defendant's attorney attributing the oversight on his part to excusable neglect, inadvertence, and mistake, under the provisions of section 3163 of the Compiled Laws of Nevada. Upon reading the affidavit, the facts therein contained being uncontradicted, the court granted the relief asked, and extended the time. From that order plaintiff appeals to this court, asserting that the lower court was without jurisdiction to make the order complained of.

Section 3163 of our Compiled Laws says: "3163. Sec. 68. The court may, in furtherance of justice, * * * upon such terms as may be just, and upon payment of costs, relieve a party or his legal representatives from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. * * *" Counsel for appellant contend that, where necessary steps are not taken

within the time required by statute, and the time has expired, the court loses jurisdiction to enter an order extending the time after such time has expired.   The following authorities, cited by appellant's counsel, we think do not specifically hold that, where a proper and well-grounded application is made invoking the jurisdiction of the court to relieve a party of the consequences of his default, the court has no power, under any circumstances, to relieve a party of such default: *Killip* v. *Empire Mill Co.*, 2 Nev. 44; *State* v. *Bank of Nevada*, 4 Nev. 358; *Clark* v. *Strouse*, 11 Nev. 79; *Elder* v. *Frevert*, 18 Nev. 282; *Robinson* v. *Benson*, 19 Nev. 331; *Earles* v. *Gilham*, 20 Nev. 46; *State* v. *Cheney*, 24 Nev. 227; *Hegeler* v. *Henckell*, 27 Cal. 492; *Campbell* v. *Jones*, 41 Cal. 518; *Clark* v. *Crane*, 57 Cal. 629; *Cooney* v. *Furlong*, 66 Cal. 520, 6 Pac. 388; *Burton* v. *Todd*, 68 Cal. 485, 9 Pac. 663: *Cal. Imp. Co.* v. *Baroteau*, 116 Cal. 136, 47 Pac. 1018; *Freese* v. *Freese*, 134 Cal. 49, 66 Pac. 43.

We are of the opinion that where, as in the present case, a party who finds himself in default begins a proceeding in good faith, by properly applying to a court to relieve him from the consequences of his default, based upon the grounds provided in section 3163, above quoted, and in accordonce with its provisions, as a condition precedent to relieving him of the consequences of his default by granting him an extension of time for the purpose of moving for a new trial, and a good and sufficient showing is made in said application, the court has jurisdiction to grant the relief prayed for and extend the time.   Section 473 of the code of civil procedure of California is substantially the same as section 3163 of our civil practice act.

The Supreme Court of California in the case of *Stonesifer* v. *Kilburn*, in construing this section, among other things, said:

"2. It is contended that the court had no power to relieve appellants from the legal effect of their failure to serve their proposed bill of exceptions in time, even though their default was caused by their excusable mistake, and the relief asked be deemed just.   But the cases cited in support of this point seem to go no further than to determine what is the legal effect of the default in the absence of a proper and well-grounded proceeding to be relieved from it, and do not deter-

mine that the court has no power, under any circumstances, to relieve a party from such legal effect. The distinction seems quite as clear as that between determining the legal effect of a judgment by default and adjudging that under no circumstances can a party be relieved from the legal effect of such judgment. Section 473 of the code of civil procedure provides: 'The court may * * * allow an answer to be made after the time limited by this code; and may also * * * relieve a party * * * from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.' Section 4 of the same code declares that 'its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice.' 'The settlement of a bill of exceptions is a proceeding in an action.' (*Lukes* v. *Logan*, 66 Cal. 33, 4 Pac. 883; *Irwin* v. *Bank of Bellefontaine*, 6 Ohio St. 86; *Wilson* v. *Allen*, 3 How. Pr. 371; *Rich* v. *Husson*, 1 Duer, 620; *Wilson* v. *Macklin*, 7 Neb. 52; *Strong* v. *Hardenburgh*, 25 How. Pr. 438.)

"In *Irwin* v. *Bank of Bellefontaine*, 6 Ohio St. 86, it is said: 'The word [proceeding] is generally applicable to any step taken by a suitor to obtain the interposition or action of a court.' In *Wilson* v. *Allen*, 3 How. Pr. (N. Y.) 371, the court said: 'The term "proceeding" is generally applicable to any step taken by a party in the progress of a civil action. Anything done from the commencement to the termination is a proceeding.' In this case respondents objected to a settlement of appellants' bill of exceptions, and moved the court to disregard it, on the ground that it was not filed within the stipulated time. These were steps taken in the action 'to obtain the interposition or action of the court,' which, according to the cases cited, amounted to a proceeding against the appellants, even within the letter, and certainly within the spirit, of section 473 of the code of civil procedure, and not distinguishable in principle from a proceeding to obtain a judgment by default. It is from this proceeding that appellants ask relief; and I think the court had the power to grant it, upon a proper showing that the default of appellants resulted solely from their excusable mistake or neglect, and that the

relief will promote justice. Such a showing, if made, brought the matter within the jurisdiction conferred by section 473 of the code of civil procedure. (*Roland* v. *Kreyenhagen*, 18 Cal. 456; *Ward* v. *Clay*, 82 Cal. 502, 23 Pac. 50, 227.)

"3. I think the showing made by appellants was sufficient, and that the court should have granted the relief asked. There appears to be no reason to doubt that the failure to serve and file the proposed bill of exceptions within the stipulated time was caused solely and entirely by an excusable inadvertence of one of the attorneys for plaintiffs [Mr. Stonesifer], who was also one of the plaintiffs in the action, and therefore directly interested in having the proposed bill served in time. Before reading the stipulation [which had been prepared in San Francisco and sent to Mr. Wright at Modesto], Mr. Stonesifer had the impression that the time to be allowed by it was thirty days in addition to the time allowed by law, and, upon hastily glancing over it and reading 'thirty days,' he assumed that it was so, without carefully reading the whole stipulation. This was negligence, but under the circumstances, and considering that the time allowed by such stipulations is generally expressed to be in addition to the time allowed by law, and that the stipulation could have no other effect than to add to the time allowed by law, I think the negligence was excusable, and so thought the court that heard the motion, as appears by its opinion. It certainly cannot be attributed to bad faith. It also appears that the granting of the relief would be in furtherance of justice. * * *

"For the reasons given in the foregoing opinion, the order appealed from is reversed, and the cause remanded for further proceedings." (94 Cal. 42; 29 Pac. 335.)

The opinion rendered in this case of *Stonesifer* v. *Kilburn* has since been affirmed by the Supreme Court of California in the cases of *Scott* v. *Glenn*, 97 Cal. 513, 32 Pac. 573; *Cole* v. *Wilcox*, 99 Cal. 549, 34 Pac. 114; *Banta* v. *Siller*, 121 Cal. 414, 53 Pac. 935; *Baily* v. *Kreutzmann*, 141 Cal. 520, 75 Pac. 104; *Kaltschmidt* v. *Weber*, 145 Cal. 596, 79 Pac. 272; *Vinson* v. *Los Angeles Ry. Co.*, 147 Cal. 479, 82 Pac. 53; *Pollitz* v. *Wickersham*, 150 Cal. 238, 88 Pac. 911; *Sauer* v. *Eagle Brewing Co.*, 3 Cal. App. 127, 84 Pac. 425. And in construing a remedial

provision in their code which is similar to ours, the Supreme Court of Utah in the case of *Morgan* v. *Oregon S. L. R. R. Co.*, 27 Utah, 92, 74 Pac. 523, and the Supreme Court of Idaho in the case of *Hoehman* v. *N. Y. Dry Goods Co.*, 8 Idaho, 66, 67 Pac. 796, have also held that the trial court has jurisdiction, after the expiration of statutory time, where a proper showing of excusable neglect, mistake, surprise, and inadvertence has been made by the party in default, to afford relief, if properly applied for. An examination of the authorities in this court discloses that this is the first time this court has ever been called upon specifically to pass upon a question identical to the one now presented. Some of the former decisions of this court contain language which would seem to be adverse to the ruling herein made; but, as the question was not squarely presented in those cases, such language may be regarded as dicta. In any event, we overrule any portion of any opinion which might be construed as holding contrary to the law as in this opinion expressed.

It seems clear to us that the Legislature of Nevada, in passing this remedial statute, had in mind the necessity of having a provision wherein, in proper cases, upon a proper showing of excusable neglect, surprise, mistake, or inadvertence, in the interests of justice and that a full determination of litigants' rights should be received, trial courts should, in proper cases, be permitted to grant relief by giving a further extension of time to counsel thus aggrieved, if properly applied for. It seems equally clear to us that the legislature wisely provided that, in order that such relief should be granted, a proper application to be relieved of default based upon worthy and sufficient excuses be presented and made to the trial judge before any such relief could be granted, and that, in the interest of the perpetuation of the principle that litigation should be properly and faithfully prosecuted, if through inexcusable neglect or default time limitations are not adhered to, litigation should end, and the trial court, in its discretion, be vested with authority to refuse relief. This provision under consideration, being in its nature a remedial statute, should be liberally construed.* (26 Am. & Eng. Ency. Law, 2d ed. 677; Endlich on Interpretation of Statutes, 108, p. 143; Black on

Interpretation of Laws, p. 311; *Harden* v. *Card*, 14 Wyo. 479, 85 Pac. 246; *Nicoll* v. *Weldon*, 130 Cal. 666, 63 Pac. 63; *State* v. *Murphy*, 29 Nev. 247; Lewis's Sutherland, Stat. Con. p. 1248, sec. 686; *Buck* v. *Eureka*, 97 Cal. 135, 31 Pac. 845; 2 Lewis's Sutherland, Stat. Con. p. 1305, sec. 717.)

This court in the case of *Horton* v. *New Pass Co.*, 21 Nev. 188, very appropriately said: "Courts are established, not only to arbitrate and settle the legal controversies of men, but also to settle them, so far as the inherent imperfections of human tribunals will permit, upon a just and equitable basis. This can only be arrived at after a full and patient hearing of both sides. Of course there must be rules of procedure for doing this, which must not be trifled with. Still they are but means to an end; and, whenever they have so operated, or have been so administered, that the action has been determined with reference to them, instead of the great principles of right and justice, it cannot be denied that therein the tribunal has failed to reach the end for which it was created. Admittedly this may be the necessary consequence of the operation of rules indispensable to the transaction of business, but the result is the same—the form has triumphed over the substance. All will agree that whenever this can be avoided with justice to the opposing party, it should be done. In this connection the language of Justice Baldwin in *Roland* v. *Kreyenhagen* seems quite appropriate: 'The power of the court should be freely and liberally exercised under this and other sections of the act to mold and direct its proceedings so as to dispose of cases upon their substantial merits, and without unreasonable delay, regarding mere technicalities as obstacles to be avoided, rather than as principles to which effect is to be given in derogation of substantial right. While formal requirements of pleading and practice cannot be dispensed with by the court, it can usually make such orders, or grant such amendments in the progress of the cause, as will avoid the effects of petty exceptions, and dispose of the case upon its legal merits. It can also usually prevent unjust or unfair advantages, or serious injury arising from casualties or inadvertences. The design of the act was to call into requisition its equitable powers in this respect.' (18 Cal. 457.) A

finding that a defendant has negligently failed to answer in the proper time does not cover the case. The question still remains, Is the negligence excusable? Where the circumstances are such as to lead the court to hesitate in answering this query, the doubt should be resolved in favor of the application. . (*Watson* v. *Railroad Co.*, 41 Cal. 20.)"

In the present case under consideration the affidavit of Mr. Shoup discloses such a meritorious state of circumstances, amounting to excusable neglect and inadvertence on his part, that we cannot say that the trial judge abused the discretionary power vested in him in determining such an application.

The order of the lower court extending the time of defendant in which to serve and file its notice of intention to move for a new trial and statement on motion for a new trial is affirmed.