The New York, New Haven and Hartford Railroad Company *vs.* Superior Court.

JANUARY 19, 1917.

Present:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Certiorari.   Exceptions.   Allowance of Cost of Transcript.*

Where a party has taken the proper statutory steps for bringing a case before the Supreme Court on exceptions, and thereafter withdraws such exceptions and the case is remitted to the Superior Court, the transcript of the testimony was actually used in proceedings subsequent both to the trial and to the delivery of the transcript to the party, and under Gen. Laws, 1909, cap. 278, § 3, in such circumstances the allowance of the cost of the transcript as part of the taxed costs is discretionary with the Superior Court.

*(2)   Certiorari.   Costs.*

On *certiorari* by a defendant to review the action of the Superior Court in taxing costs, where the record does not disclose, as alleged by the defendant, that the plaintiff withdrew his exceptions as part of an oral agreement that judgment was to be entered for a sum less than the amount called for by the execution, the matter cannot be considered under these proceedings.

*(3)   Certiorari.   Costs.*

On *certiorari* by a defendant to review the action of the Superior Court in taxing costs, as the inquiry is limited to the particular alleged error of law in the record complained of in the petition, the court cannot consider the plaintiff's claim that the court also erred in not allowing him interest on his costs.

Certiorari.   Heard and writ dismissed.

Baker, J.   This is a petition for a writ of *certiorari* for the purpose of quashing the record of said Superior Court as contained in its order entered November 4, 1916, in the case of Edward E. Arnold *v.* The New York, New Haven and Hartford Railroad Company, pending before said Superior Court, in Kent County, by which order the cost of the transcript of testimony was allowed as part of the plaintiff's costs in said case.   The writ was issued November 10, 1916, and made returnable November 17.

The essential facts as set out in the petition and about which there is no dispute are the following:

By his writ dated November 15, 1905, Edward E. Arnold commenced an action against said railroad company to recover damages for losses occasioned by fire on April 3, 1905, alleged to have been caused by said company. The case was tried in February, 1906, and resulted in a verdict for the plaintiff in the amount of $383. The plaintiff moved for a new trial, one of the grounds alleged therefor being the inadequacy of the damages awarded by the verdict. The motion was denied. The plaintiff took an exception to said decision and brought a bill of exceptions to this court, together with a transcript of the proceedings at the trial, both duly allowed.

Said exceptions were not heard in this court, but on April 29, 1916, were withdrawn and the case was remitted to the Superior Court for Kent County for further proceedings. In the Superior Court the plaintiff moved for the entry of judgment upon the verdict with costs, and the defendant moved that judgment be entered upon the verdict. On June 26, 1916, judgment for the plaintiff was entered on the verdict with costs. No objection is now made to this decision. Execution issued July 20, 1916, and the costs as taxed by the clerk included the cost of the transcript of the trial and interest on costs. On July 22 the railroad company filed a motion that the costs as taxed be revised by the court, whereupon the execution was stayed. On November 4 the parties were heard and the court revised the costs by disallowing interest on costs and allowing the cost of the transcript, those two items being the only ones to which the defendant objected.

The provision for the revision by a justice of the court of a bill of costs as taxed by the clerk of the court is found in Section 17 of Chapter 295 of the General Laws.

(1)   Section 3 of Chapter 278 of the General Laws, as amended by Chapters 421 and 1402 of the Public Laws, makes provision for the furnishing by a court stenographer to a party to an action upon his written request of a transcript of the report of the trial of such action and for the allowance of the

stenographer's reasonable compensation therefor by the court.

The present proceeding questions the power of the Superior Court to allow the cost of the transcript as part of the plaintiff's costs under that part of said Section 3 which reads as follows: "And in case the transcript is used in subsequent proceedings in said cause the cost of the same may be allowed as a part of the costs." The question involves the interpretation of the words "used in subsequent proceedings in said cause." In *Morewood* v. *Hollister*, 6 N. Y. (2 Seld.) 309, it is said: "The term 'proceedings' in its more general sense in law, means all steps or measures adopted in the prosecution or defence of an action." In *Irwin* v. *The Bank of Bellefontaine*, 6 Ohio, St., 81, 87, it is said: "Steps taken, by which the judgment of a court is vacated, and the cause taken to, and the appearance of the parties effected in another tribunal, is a proceeding, and a very important one, in the progress of a civil action." See, also, *Lukes* v. *Logan*, 66 Cal. 33; *Wilson* v. *Allen*, 3 How. Pr. 369; *Richardson* v. *Bohney*, 18 Idaho, 328, 334; and Vol. 6, Words & Phrases, 5632.

In this case it appears that the plaintiff after receiving the transcript from the stenographer filed it and his bill of exceptions with the clerk of the Superior Court, that they were both subsequently allowed by the justice presiding at the trial, and that said clerk certified and transmitted the papers in said action (including said transcript) to the clerk of this court, these various steps being taken in accordance with the statutory method provided for bringing the case before this court. See Sections 17–20 of Chapter 298 of the General Laws. The transcript, therefore, was used in proceedings in said cause subsequent both to the trial and to the delivery of the transcript to the plaintiff. Section 3 of Chapter 278, when the transcript has been thus used, makes the allowance of the cost of the transcript as part of the taxed costs in the case discretionary with the Superior Court. Accordingly it had jurisdiction of the matter and there was no error of law in making such allowance. 6 Cyc. 756 D.

(2)     The petitioner claims that the exceptions were withdrawn as part of an oral agreement that judgment was to be entered for a sum certain, considerably less than what is now called for by the execution and now asks the enforcement of such alleged agreement. The record, however, shows nothing of this nature and in this proceeding the matter cannot be considered.

The plaintiff in the action at law, Edward E. Arnold, in his brief urges that the Superior Court erred in not allowing (3) him interest on his costs and asks for the correction of this alleged error. That matter is not before us now, as our present inquiry is limited to the particular alleged error of law in the record complained of in the petition. 4 Ency. of Pl. & Pr. 275, 6 Cyc. 823.

In accordance with our finding as above stated upon the petitioner's allegation of error the writ of *certiorari* is dismissed. The record in the cause, entitled *Edward E. Arnold* v. *New York, New Haven and Hartford Railroad Company*, sent to us by the Superior Court, is remitted to said court.

*Eugene J. Phillips*, for petitioner.

*Ezra K. Parker, W. Louis Frost,* for respondents.