[No. 7584–5–I.   Division One.   June 23, 1980.]

TROXELL B. PARIS, *Respondent,* v. HERBERT G. RAMP, ET AL, *Appellants.*

*Francis, Lopez & LePley* and *Carl A. Taylor Lopez,* for appellants.

*Reaugh, Hart, Allison, Prescott & Davis* and *Andrew D. Shafer,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

The Superior Court dismissed the appellants' appeal of a civil case from district justice court because the appellants failed to timely perfect their appeal to the Superior Court.

The respondent, Mr. Paris, recovered a judgment against the appellants Ramp in district justice court based on the appellants' failure to pay for employment services rendered. Appellants timely filed notice of appeal and timely had the transcript of the district justice court delivered to the clerk of the Superior Court. The transcript was not timely filed by the clerk of the Superior Court, however, because the appellants failed to pay the required filing fee until some time later.

The respondent moved to dismiss appellants' appeal. In granting the motion, the trial judge observed that "JCR 75 was jurisdictional." A motion to reconsider the order of dismissal was denied.

This appeal presents one issue.

## ISSUE

Does the failure to timely file a transcript of the district justice court proceedings with the superior court clerk deprive the superior court of its jurisdiction to hear an appeal from district justice court in a civil case?

## DECISION

CONCLUSION. The filing of a district justice court transcript in the superior court is required to perfect an appeal but it is not jurisdictional. The superior court has a measure of discretion in deciding whether or not to dismiss an appeal from district justice court if the appellant did not timely file a transcript.

When an appeal from a court of limited jurisdiction to the superior court is permitted by law, the appeal is required to be perfected as prescribed by the Justice Court Civil Rules. Generally, these rules oblige the appellant to serve and file a notice of appeal and bond within 20 days of the date of judgment and, within 10 days thereafter, to file a transcript of all docket entries of the court from which the appeal is taken relating to the case and all other process and papers. JCR 73; JCR 75. *See* 1 V. Towne, Wash. Prac. §§ 1822, 1823, at 803–04 (2d ed. 1976).

Here the notice of appeal and appeal bond were timely and properly filed as required by JCR 73. Because the appellants failed to timely pay the requisite fee, however, the required transcript was not timely filed as required by JCR 75.[1]

---

[1] "(a) **Transcript; Procedure in Superior Court; Pleadings in Superior Court.** Within 10 days after the appeal has been taken in a civil action or proceeding, the appellant shall file with the clerk of the superior court a transcript of all entries made in the docket of the court of limited jurisdiction relating to the case, together with all the process and other papers relating to the case filed in the court of limited jurisdiction which shall be made and certified by such court to be correct upon the payment of the fees allowed by law therefor, and upon the filing of such transcript the superior court shall become possessed of the cause, and shall proceed in the same manner, as near as may be, as in actions originally commenced in that court, except as provided in these rules. The issue before the court of limited jurisdiction shall be tried in the superior court without other or new pleadings, unless otherwise directed by the superior court.

"(b) **Transcript; Procedure on Failure to Make and Certify; Amendment.** If upon an appeal being taken the court of limited jurisdiction fails, neglects or refuses, upon the tender or payment of the fees allowed by law, to make and certify the transcript, the appellant may make application, supported by affidavit, to the superior court and the court shall issue an order directing the court of limited jurisdiction to make and certify such transcript upon the payment of such fees. Whenever it appears to the satisfaction of the superior court that the

Although JCR 75 requires that the transcript be timely filed and that "upon the filing of such transcript the superior court shall become possessed of the cause," the superior court is not without jurisdiction to act if that is not done.

The current rule, JCR 75, uses substantially the same language as the statutes which preceded it have used since before the turn of the century. In interpreting an early forerunner of the present rule, Laws of 1891, ch. 29, §§ 4, 5, p. 67,[2] *State ex rel. Gardner v. Superior Court,* 9 Wash. 307, 308, 37 P. 448 (1894) held that a similar motion to dismiss an appeal from a justice of the peace court for failure to file a transcript within the time allowed is addressed to the discretion of the superior court.[3]

The various decisions on this subject are summarized by the writers of one text as follows:

---

return of the court of limited jurisdiction to such order is substantially erroneous or defective it may order the court of limited jurisdiction to amend the same. If the judge of the court of limited jurisdiction fails, neglects or refuses to comply with any order issued under the provisions of this section he may be cited and punished for contempt of court." JCR 75.

[2] "Section 1863 of said code of 1881 is amended to read as follows: Within ten days after the appeal has been taken in a civil action or proceeding, the appellant shall furnish the superior court with a transcript of all entries made in the justice's docket relating to the case, together with all the process and other papers relating to the action, and file[d] with the justice, which shall be certified by such justice to be correct; and upon the filing of such transcript, the superior court shall become possessed of the cause, and shall proceed in the same manner, as near as may be, as in actions originally commenced in that court, except as herein otherwise provided." Laws of 1891, ch. 29, § 4, p. 67.

"Section 1865 of said code of 1881 is amended to read as follows: Upon an appeal being taken and allowed the superior court may, by rule and attachment, compel the justice to make and deliver to the appellant a certified transcript of the proceedings, upon paying to such justice the fees allowed by law for making such transcript, and whenever the court is satisfied that the return of the justice is substantially erroneous or defective, it may, by rule and attachment, compel him to amend the same." Laws of 1891, ch. 29, § 5, p. 67.

[3] In fairness to the trial court, it must be observed that *State ex rel. Gardner v. Superior Court,* 9 Wash. 307, 37 P. 448 (1894) was not cited to it by counsel (nor for that matter was it cited to this court).

The rule deducible from the various decisions seems to be that, where the delay is attributable to the fault or negligence of appellant or his attorney, and no adequate excuse is shown, the appeal will be dismissed, but that, where appellant has taken the steps required of him to perfect his appeal, he cannot be prejudiced by the failure of the justice to transmit the transcript and papers in time.

(Footnotes omitted.) 51 C.J.S. *Justices of the Peace* § 166, at 357 (1967).

We hold that the appellant from a district justice court civil judgment should comply with the Justice Court Civil Rules requiring the timely filing of a transcript in the superior court in order that the appeal shall move along and not be used for the purposes of delay. On the other hand, however, the superior court may exercise its sound discretion in determining whether or not an appeal should be dismissed for failure to timely file a transcript in those cases where the appellant is able to establish that the failure to timely file the transcript was based on the appellant's excusable neglect, and the respondent is not prejudiced, or where the district justice court failed to timely transmit the transcript to the superior court. *State ex rel. Gardner v. Superior Court, supra;* 51 C.J.S. *Justices of the Peace* § 166 (1967); JCR 75(b). "[E]xcusable neglect" is discussed in *Goldendale v. Graves,* 88 Wn.2d 417, 562 P.2d 1272 (1977).[4]

Because of extensive reforms in district justice courts, particularly in the past two decades, such courts are now a

---

[4] "In passing on what is excusable neglect, it is to be noted that neglect does not bar relief if 'excusable.' The concept of excusable neglect is not uncommon. It is found in other contexts, *e.g.,* RCW 4.32.240; CR 60(b). *See* RAP 1.2(a); *cf.* RAP 18.8. Illustrative cases although involving other fact patterns rest on principles useful here. *Sherman v. Southern Pac. Co.,* 31 Nev. 285, 102 P. 257 (1909); *Haskell v. Cutler,* 188 Okla. 239, 108 P.2d 146 (1940); *Turner v. Bolton,* 82 S.C. 502, 505, 64 S.E. 412 (1909).

"Each case of excusable neglect must rest on its own facts. *See First Nat'l Bank v. Stilwell,* 50 Ind. App. 226, 232, 98 N.E. 151 (1912)." *Goldendale v. Graves,* 88 Wn.2d 417, 423, 562 P.2d 1272 (1977).

greatly changed institution from their rudimentary predecessors, the justice of the peace courts, which served an earlier era of this state's history. No public policy today favors an appeal from district justice court to the superior court in a civil case where, under the law as it now is, another entirely new trial may be held. We therefore specifically do not hold that the superior court should be liberal in exercising its discretion in favor of allowing an appeal in cases such as this one, particularly if the appellant has not proceeded in a diligent fashion.

Since the trial court dismissed the appellants' appeal on the ground that it had no jurisdiction, it did not exercise its discretion and consider whether or not the delay was excusable. Therefore, the Superior Court's dismissal of this cause is reversed and the case is remanded for further proceedings not inconsistent with this opinion. Cost of this appeal will abide the final decision in this case.

CALLOW, C.J., and DURHAM–DIVELBISS, J., concur.